# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
February 7, 2013 Session

## HONG SAMOUTH (SAM) RAJVONGS v. DR. ANTHONY WRIGHT

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Rutherford County**
**No. 62176      Royce Taylor, Judge**

---

**No. M2011-01889-SC-S09-CV - Filed December 12, 2013**

---

The plaintiff filed his initial health care liability action against the defendant prior to the enactment of the pre-suit notice requirements of Tennessee Code Annotated section 29-26-121. The plaintiff voluntarily dismissed his original action. More than one year later, the plaintiff refiled his action after the effective date of section 29-26-121. The defendant moved for summary judgment, alleging that the plaintiff's second action was barred by the statute of limitations. The plaintiff countered that his pre-suit notice commenced his new action prior to the expiration of the one-year saving statute. Alternatively, the plaintiff argued that Tennessee Code Annotated section 29-26-121 extended the saving statute by 120 days. The trial court denied the defendant's motion for summary judgment but granted permission to file an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. The Court of Appeals granted the application for permission to appeal and affirmed the trial court's denial of the motion for summary judgment. We hold that the plaintiff's action was commenced by the filing of a second health care liability complaint rather than by providing pre-suit notice. We further hold that a plaintiff who files his initial action prior to the effective date of Tennessee Code Annotated section 29-26-121, dismisses his original action, properly provides pre-suit notice, and refiles his action after the effective date of the statute, is entitled to the 120-day extension. We therefore affirm the judgment of the Court of Appeals and remand this case to the trial court for further proceedings.

**Tenn R. App. P. 9 Interlocutory Appeal by Permission;**
**Judgment of the Court of Appeals Affirmed;**
**Case Remanded to the Circuit Court**

JANICE M. HOLDER, J., delivered the opinion of the court in which GARY R. WADE, C.J., and CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Jeremy Anthony Oliver and John Franklin Floyd, Nashville, Tennessee, for the appellant, Dr. Anthony Wright.

W. Kennerly Burger, Murfreesboro, Tennessee, for the appellee, Hong Samouth Rajvongs.

**OPINION**

I. Facts and Procedural History

Hong Samouth Rajvongs sought medical treatment from Dr. Anthony Wright in 2005 to address pain in his right foot and ankle. Dr. Wright performed surgery in January 2006 during which he inserted screws in Mr. Rajvongs' right foot. Dr. Wright performed a second surgery in February 2007. Mr. Rajvongs subsequently sought treatment from another physician when the pain in his foot became more severe. Mr. Rajvongs' new doctor informed him that the screws in his foot had broken and were preventing the bone from healing.

Mr. Rajvongs filed a health care liability complaint[1] against Dr. Wright on February 11, 2008, alleging that Dr. Wright's failure to inform Mr. Rajvongs of the broken screws constituted a deviation from the prevailing medical standard of care. See Tenn. Code Ann. § 29-26-115 (Supp. 2006). Mr. Rajvongs' original complaint was filed prior to the effective date of the pre-suit notice requirements of Tennessee Code Annotated section 29-26-121 (Supp. 2008), amended by Act of June 4, 2009, ch. 425, § 1, 2009-2 Tenn. Code Ann. Adv. Legis. Serv. 474-76 (LexisNexis). On November 13, 2009, the trial court entered an order voluntarily dismissing Mr. Rajvongs' February 11, 2008 action without prejudice in accordance with Tennessee Rule of Civil Procedure 41. See Tenn. R. Civ. P. 41.01(3) (explaining that "a voluntary nonsuit to dismiss an action without prejudice must be followed by an order of voluntary dismissal," the entry of which governs the pertinent time periods).

On October 21, 2010, Mr. Rajvongs provided Dr. Wright with pre-suit notice of a "potential claim for health care liability" as required by the Tennessee Health Care Liability Act ("the Act"). Tenn. Code Ann. § 29-26-121. On February 18, 2011, Mr. Rajvongs filed a second health care liability complaint against Dr. Wright in the Circuit Court for Rutherford County that was identical to the complaint filed in the previously dismissed action. As required by Tennessee Code Annotated section 29-26-122(a)(2) (Supp. 2008), Mr. Rajvongs

---

[1] In 2012, Tennessee Code Annotated sections 29-26-115 to -122 and section 29-26-202 were amended to replace "medical malpractice" with "health care liability." Act of Apr. 23, 2012, ch. 798, §§ 7-15, 2012-2 Tenn. Code Ann. Adv. Legis. Serv. 274, 274-75 (LexisNexis) (codified at Tenn. Code Ann. §§ 29-26-115 to -122, -202 (2012)). We will therefore use "health care liability" throughout this opinion.

also filed a certificate of good faith stating that he had consulted an expert. The expert provided a signed, written statement confirming that he is qualified to provide an opinion that Dr. Wright's actions constituted a deviation from the applicable standard of professional care.

Dr. Wright's answer to the complaint denied Mr. Rajvongs' allegations and asserted that the action was barred by the one-year statute of limitations. See Tenn. Code Ann. § 29-26-116 (2000) (prescribing the statute of limitations for health care liability actions). Dr. Wright subsequently moved for summary judgment, arguing that Mr. Rajvongs' February 18, 2011 complaint was not filed within one year of the November 13, 2009 order voluntarily dismissing his case. See Tenn. Code Ann. § 28-1-105 (2012) (permitting a plaintiff to commence an action within one year from a dismissal that does "not conclud[e] the plaintiff's right of action."). Mr. Rajvongs responded that his complaint was timely because his October 21, 2010 pre-suit notice commenced his action within one year of the voluntary dismissal. Alternatively, Mr. Rajvongs argued that Tennessee Code Annotated section 29-26-121(c) extended by 120 days the one-year "saving statute." Tenn. Code Ann. § 28-1-105.

The trial court denied Dr. Wright's motion for summary judgment but granted permission to file an interlocutory appeal under Rule 9 of the Tennessee Rules of Appellate Procedure. The Court of Appeals granted Dr. Wright's application for permission to appeal and affirmed the trial court's denial of the motion for summary judgment. Rajvongs v. Wright, No. M2011-01889-COA-R9-CV, 2012 WL 2308563, at *1 (Tenn. Ct. App. June 18, 2012). We granted Dr. Wright permission to appeal.

## II. Analysis

Dr. Wright has appealed the denial of his motion for summary judgment. Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. The parties do not dispute the underlying facts in this case. Therefore, we are presented solely with a question of law, which we review de novo with no presumption of correctness. Abshure v. Methodist Healthcare-Memphis Hosps., 325 S.W.3d 98, 103 (Tenn. 2010); Frye v. Blue Ridge Neuroscience Ctr., P.C., 70 S.W.3d 710, 712 (Tenn. 2002).

### A. *Commencement of an Action*

Mr. Rajvongs' initial action was voluntarily dismissed on November 13, 2009. The saving statute permits a plaintiff to renew a lawsuit that was dismissed without concluding the plaintiff's right of action. Cronin v. Howe, 906 S.W.2d 910, 912 (Tenn. 1995). The

saving statute provides that if a timely filed action is dismissed without prejudice, a plaintiff may "commence a new action within one (1) year after" the dismissal. Tenn. Code Ann. § 28-1-105(a). If a new action is not commenced within one year from the date of dismissal, it is time-barred. Old Hickory Eng'g & Mach. Co. v. Henry, 937 S.W.2d 782, 784 (Tenn. 1996). Because Mr. Rajvongs' first action was dismissed on November 13, 2009, the saving statute extended his time for commencing a new action to November 13, 2010.

Mr. Rajvongs, however, did not file his second action on or before November 13, 2010. Instead, he provided pre-suit notice on October 21, 2010, and filed his second health care liability complaint on February 18, 2011, approximately three months after the expiration of the one year provided by the saving statute. We must therefore determine whether the October 21, 2010 pre-suit notice commenced a new action.

To determine the effect of providing pre-suit notice on the commencement of a civil action, we first look to the Tennessee Rules of Civil Procedure, which are promulgated by this Court to govern the practice and procedure of our state courts. State v. Mallard, 40 S.W.3d 473, 481 (Tenn. 2001). Tennessee Rule of Civil Procedure 3 provides that "[a]ll civil actions are commenced by filing a complaint with the clerk of the court." Whether process is returned served or unserved, an action is commenced within the meaning of any statute of limitations when a complaint is filed. Tenn. R. Civ. P. 3; Old Hickory, 937 S.W.2d at 784-85.

We next examine the language of the pre-suit notice requirement of the Act to determine whether the statute requiring pre-suit notice alters the traditional definition of the commencement of an action. Tennessee Code Annotated section 29-26-121(a)(1) provides:

> Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.

Our task in interpreting a rule or statute is to determine the drafter's intent by reading the plain language of the rule in the context in which it appears. Lee Med., Inc. v. Beecher, 312 S.W.3d 515, 526 (Tenn. 2010). We review the interpretation of rules and statutes de novo with no presumption of correctness given to lower court opinions. See, e.g., Mills v. Fulmarque, Inc., 360 S.W.3d 362, 366 (Tenn. 2012); Lacy v. Cox, 152 S.W.3d 480, 483 (Tenn. 2004). We will not look beyond the plain language of a rule if the language is unambiguous. Lee Med, Inc., 312 S.W.3d at 527. When statutory provisions appear to

-4-

conflict, however, our duty is to construe the provisions to ensure their harmonious operation. Hill v. City of Germantown, 31 S.W.3d 234, 238 (Tenn. 2000).

The plain language of Tennessee Code Annotated section 29-26-121(a)(1) reinforces Tennessee Rule of Civil Procedure 3. The pre-suit notice requirement directs a plaintiff to "give written notice of the potential claim [for health care liability]" to each defendant "at least sixty (60) days before the filing of a complaint." The statutory language, "potential claim," draws a distinction between a potential health care liability claim and the complaint that is filed to commence an action. Providing notice "at least sixty (60) days before the filing of a complaint," indicates that the complaint, not the notice, is the defining event for commencement of a civil action.

Moreover, the plain language of section 29-26-121(a)(1) does not address the commencement of an action. The plaintiff is required to provide pre-suit notice sixty days prior to filing a complaint. See Myers v. AMISUB (SFH), Inc., 382 S.W.3d 300, 309 (Tenn. 2012) (holding that the pre-suit notice requirement is mandatory and may not be satisfied by substantial compliance). The pre-suit notice requirement of section 29-26-121(a)(1), however, does not alter the traditional definition of the commencement of an action. We therefore conclude that a health care liability action is commenced by filing a complaint in accordance with Rule 3. Accordingly, Mr. Rajvongs' action was commenced when he filed his second complaint in the Circuit Court for Rutherford County on February 18, 2011, which was outside the one-year period of the saving statute.

### B. *The 120-Day Extension*

We next consider Mr. Rajvongs' argument that Tennessee Code Annotated section 29-26-121(c) extends the one-year saving statute by an additional 120 days and so allows for the timely filing of his February 18, 2011 complaint.

Section 29-26-121(c) provides that:

> When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider . . . . In no event shall . . . more than one (1) extension be applicable to any provider.

Tenn. Code Ann. § 29-26-121(c). The plain language of subsection (c) provides that pre-suit notice is the only prerequisite to receiving the automatic extension of the statutes of limitations or repose.

Mr. Rajvongs attempted to comply with the newly enacted requirement of section 29-26-121(a)(1) by providing pre-suit notice to Dr. Wright on October 21, 2010. Dr. Wright has not objected to Mr. Rajvongs' notice or otherwise challenged its adequacy. Instead, Dr. Wright asserts that Mr. Rajvongs' pre-suit notice did not extend the saving statute by 120 days.

Section 29-26-121(c) extends the "applicable statutes of limitations or repose." The Act defines "statute of limitations" as being either one year from the date of the injury or one year from the date of discovery. Tenn. Code Ann. § 29-26-116(a)(1)-(2).[2] Similarly, the Act defines "statute of repose" and provides that "[i]n no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred . . . ." Tenn. Code Ann. § 29-26-116(a)(3).

Mr. Rajvongs' initial complaint was filed within the statute of limitations as that term is defined in section 29-26-116(a)(1). Mr. Rajvongs' initial complaint also preceded the 2008 and 2009 pre-suit notice requirements, and he voluntarily dismissed his action on November 13, 2009. Mr. Rajvongs attempted to comply with the Act's new notice requirement by providing Dr. Wright with pre-suit notice on October 21, 2010, by which time the "statute of limitations" and "statute of repose" applicable to his case had expired. Nevertheless, Mr. Rajvongs provided pre-suit notice prior to filing his second complaint, relying on his pre-suit notice to extend the saving statute by 120 days.

Mr. Rajvongs accordingly falls within the narrow category of plaintiffs who filed their initial complaints prior to the effective date of section 29-26-121, dismissed their original actions, and refiled their actions after the effective date of the statute. We must therefore

---

[2] Tennessee Code Annotated section 29-26-116 provides in pertinent part:

  (a)  (1)  The statute of limitations in health care liability actions shall be one (1) year as set forth in § 28-3-104.

        (2)  In the event the alleged injury is not discovered within such one-year period, the period of limitation shall be one (1) year from the date of such discovery.

        (3)  In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

determine whether these "transitional" plaintiffs who gave pre-suit notice are entitled to the 120-day extension although their original statutes of limitations and repose have expired.

The Act contains no language explicitly addressing the refiling of nonsuited health care liability action, nor does it contain any language that can be fairly construed as amending the saving statute. Tenn. Code Ann. § 28-1-105. A careful review of the Act and its subsequent amendments confirms that the requirements and procedures for refiling nonsuited health care liability cases are unchanged.

In Myers v. AMISUB, however, we were asked to consider whether the pre-suit notice requirement applied to a transitional plaintiff. Mr. Myers, like Mr. Rajvongs, filed his original health care liability action prior to the effective date of section 29-26-121. Myers, 382 S.W.3d at 304. Mr. Myers timely refiled his action within the one-year saving statute and after the effective date of section 29-26-121. Myers, 382 S.W.3d at 304. Mr. Myers, however, did not give pre-suit notice to his health care providers. Myers, 382 S.W.3d at 304. Interpreting the statute using our ordinary canons of construction, we examined the language of section 29-26-121 and determined that the General Assembly did not exempt transitional plaintiffs from complying with the newly enacted pre-suit notice requirement although no notice was required before the original complaint was filed. Myers, 382 S.W.3d at 308-09. We were not, however, asked to consider the 120-day extension granted by subsection (c) or its "applicable statutes of limitations or repose" language. See Tenn. Code Ann. 29-26-121(c).

We have long recognized that the saving statute is not a statute of limitations or a statute of repose and that it operates independently. See Pratcher v. Methodist Healthcare Memphis Hosps., 407 S.W.3d 727, 737 (Tenn. 2013) (recognizing that the statute of repose had been "harmonized" with the saving statute") (citing Cronin, 906 S.W.2d at 914-15); Sharp v. Richardson, 937 S.W.2d 846, 848 (Tenn. 1996) (noting that the saving statute permits the refiling of a health care liability action even if the refiling occurs beyond the three-year statute of repose). However, a transitional plaintiff is not necessarily precluded from receiving the 120-day extension simply because section 29-26-121(c) makes no explicit reference to the saving statute.

Clearly, the General Assembly enacted the 120-day extension to offset the obligation to give pre-suit notice at least 60 days prior to filing a complaint. In Myers, we properly interpreted the plain language of the statute as requiring transitional plaintiffs to give notice before refiling a nonsuited action because the defendants have never been provided with the notice that is contemplated under the Act. Myers, 382 S.W.3d at 309-10. We are unable to conclude that the General Assembly would require transitional plaintiffs to provide pre-suit notice before refiling under the saving statute and yet deprive such plaintiffs of the 120-day

extension. Considering the statutory scheme in its entirety, we can only conclude that a transitional plaintiff who properly provides pre-suit notice is entitled to the same procedural benefits that section 29-26-121(c) makes available to a plaintiff filing an initial health care liability complaint.

### III. Conclusion

We hold that Mr. Rajvongs' action was commenced by the filing of his February 18, 2011 complaint and was not commenced by providing his pre-suit notice. Because Mr. Rajvongs provided pre-suit notice as required by Tennessee Code Annotated section 29-26-121(a), he is entitled to the 120-day extension provided by section 29-26-121(c), and his February 18, 2011 complaint was timely filed. We affirm the judgment of the Court of Appeals and remand this case to the trial court for further proceedings. Costs of this appeal are taxed to Dr. Anthony Wright and his surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE