# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
### February 6, 2013 Session

## DORIS CANNON EX REL. JUANITA E. GOOD v. BHASKAR REDDY, M.D.

**Appeal by Permission from the Circuit Court for Maury County**
**No. 13810, 13648     Jim T. Hamilton, Judge**

---

**No. M2012-01332-SC-S10-CV - Filed January 29, 2014**

---

The plaintiff filed a health care liability action against the defendant. During the pendency of her action, the General Assembly enacted the pre-suit notice and certificate of good faith requirements of Tennessee Code Annotated sections 29-26-121 and -122. The plaintiff voluntarily dismissed her original action. The plaintiff then filed two successive actions. First, the plaintiff filed a second action that did not comply with the pre-suit notice and certificate of good faith statutes. The plaintiff then filed a third action that complied with Tennessee Code Annotated sections 29-26-121 and -122. The plaintiff moved to consolidate her second and third actions, and the defendant moved to dismiss. The defendant contended that the plaintiff's second action should be dismissed for failure to comply with the pre-suit notice and certificate of good faith requirements and that her third action should be dismissed based on the doctrine of prior suit pending. The trial court consolidated the lawsuits and denied the defendant's motions to dismiss. The defendant moved for permission to file an interlocutory appeal, which the trial court denied. We granted the defendant's application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. During the pendency of the appeal, the plaintiff voluntarily dismissed her second action. As a result of the plaintiff's voluntary dismissal and our recent holding in Rajvongs v. Wright, ___ S.W.3d ___, 2013 WL 6504425 (Tenn. Dec. 12, 2013), we hold that the plaintiff, who properly provided pre-suit notice of her claim prior to filing her third action, was entitled to a 120-day extension in which to refile her complaint pursuant to Tennessee Code Annotated section 29-26-121(c). The plaintiff's third complaint was therefore timely filed. We affirm the judgment of the trial court and remand this case for further proceedings.

**Tenn. R. App. P. 10 Extraordinary Appeal by Permission;**
**Orders Entered by the Trial Court are Affirmed; Case Remanded**

JANICE M. HOLDER, J., delivered the opinion of the Court, in which GARY R. WADE, C.J., and CORNELIA A. CLARK, WILLIAM C. KOCH, JR., and SHARON G. LEE, JJ., joined.

Brent Albert Kinney, Edward A. Hadley, and Phillip Lester North, Nashville, Tennessee, for the appellant, Bhaskar Reddy.

Olen G. Haynes, Johnson City, Tennessee, and Raymond Wilford Fraley Jr., Fayetteville, Tennessee, for the appellee, Doris Cannon.

**OPINION**

I. Facts and Procedural History

On November 10, 2005, Juanita E. Good was admitted to Maury Regional Hospital in Columbia, Tennessee, for surgery to remove her gallbladder. Ms. Good suffered a drop in her blood pressure and oxygen saturation during the initial stages of surgery. Although Ms. Good's condition stabilized, the lack of oxygen to her brain caused permanent brain damage.

On November 9, 2006, Doris Cannon, Ms. Good's conservator, filed a health care liability action[1] on Ms. Good's behalf, naming Maury County, Maury Regional Hospital, and Ms. Good's anesthesiologist, Dr. Bhaskar Reddy, as defendants.

In 2009, while Ms. Cannon's action was pending, the General Assembly amended section 29-26-121 of the Health Care Liability Act ("the Act") to require any person who asserts a claim for health care liability to "give written notice of the potential claim to each health care provider that will be named as a defendant at least sixty (60) days" prior to filing a complaint. Act of June 11, 2009, ch. 425, § 1, 2009 Tenn. Pub. Acts 472, 472-75 (codified as amended at Tenn. Code Ann. § 29-26-121(a)(1) (2012)). The General Assembly also amended Tennessee Code Annotated section 29-26-122 to require a plaintiff to "file a certificate of good faith with the complaint" in any health care liability action requiring expert testimony. Act of June 11, 2009, ch. 425, § 2, 2009 Tenn. Pub. Acts 472, 472-75 (codified as amended at Tenn. Code Ann. § 29-26-122(a) (2012)). In addition, the General Assembly enacted Tennessee Code Annotated section 29-26-121(c) (2012), which provides in pertinent part that:

---

[1] In 2012, Tennessee Code Annotated sections 29-26-115 to -122 and section 29-26-202 were amended to replace "medical malpractice" with "health care liability." Act of Apr. 23, 2012, ch. 938, §§ 7-15, 2012-2 Tenn. Code Ann. Adv. Legis. Serv. 274, 274-75 (LexisNexis) (codified at Tenn. Code Ann. §§ 29-26-115 to -122, -202 (2012)). We will use "health care liability" throughout this opinion.

[w]hen notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider . . . . In no event shall . . . more than one (1) extension be applicable to any provider.

Ms. Cannon voluntarily dismissed her action by written notice on January 8, 2010. See Tenn. R. Civ. P. 41.01 (permitting a plaintiff to voluntarily nonsuit an action without prejudice by filing a written notice of dismissal prior to trial). On January 6, 2011, Ms. Cannon provided pre-suit notice of her potential claim by mailing two letters to Dr. Reddy, both of which contained the same statutorily required information. See Tenn. Code Ann. § 29-26-121(a). Ms. Cannon then filed two successive lawsuits. First, she filed a health care liability action against Dr. Reddy on January 7, 2011, asserting that he had departed from the recognized standard of professional practice in his treatment of Ms. Good. See Tenn. Code Ann. § 29-26-115 (2012). This complaint was filed within one year of the date on which her original action was dismissed. See Tenn. Code Ann. § 28-1-105(a) (2000) (providing that a timely filed action that is later dismissed without prejudice may be refiled within one year of the dismissal). Ms. Cannon did not, however, give Dr. Reddy notice of her potential claim at least sixty days prior to filing her second complaint. See Tenn. Code Ann. § 29-26-121(a)(1). Ms. Cannon also failed to file a certificate of good faith. See Tenn. Code Ann. § 29-26-122(a).

Ms. Cannon again filed a health care liability action against Dr. Reddy on April 27, 2011. In filing this lawsuit, Ms. Cannon relied on her January 6, 2011 pre-suit notice letters to extend by 120 days the one-year period for refiling her action under the saving statute. See Tenn. Code Ann. § 29-26-121(c). Ms. Cannon's third complaint was virtually identical to her second complaint. Ms. Cannon attached to her third complaint copies of her pre-suit notice letters and a certificate of good faith.

On May 12, 2011, Ms. Cannon moved to consolidate her second and third actions, arguing that filing two separate health care liability actions "was necessary because of the uncertainty of the law as it relates to Tennessee's new [health care liability] law." Dr. Reddy objected to the consolidation and moved to dismiss Ms. Cannon's second action, citing Ms. Cannon's failure to comply with the pre-suit notice and certificate of good faith requirements of the Act. See Tenn. Code Ann. §§ 29-26-121, -122. Dr. Reddy also moved to dismiss Ms. Cannon's third action based on the doctrine of prior suit pending.[2]

---

[2] The defense of prior suit pending derives from the common law rule that a party
(continued...)

On September 21, 2011, the trial court entered an order consolidating Ms. Cannon's refiled actions. In its order, the trial court recognized that Ms. Cannon attempted to preserve her claim by filing two separate actions: one complying with the "old law" and one complying with the amended Act.[3] The trial court reserved ruling on Dr. Reddy's motions to dismiss.

Several months later, Dr. Reddy filed a motion asking the trial court to reconsider its September 21, 2011 order or, in the alternative, to grant him permission to file an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. The trial court denied Dr. Reddy's motions to reconsider and for interlocutory appeal, finding that a proper basis existed for consolidation and that Dr. Reddy's request for interlocutory appeal was untimely.

Dr. Reddy filed an application for extraordinary appeal with the Court of Appeals pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure. The Court of Appeals declined review, and Dr. Reddy filed a Rule 10 application in this Court. We granted Dr. Reddy's application.

---

[2] (...continued)
could have an action dismissed if there was a prior suit filed against her for the same claims in the same jurisdiction. See West v. Vought Aircraft Indus., Inc., 256 S.W.3d 618, 623 (Tenn. 2008) (citing 1 William M. McKinney, The Encyclopedia of Pleading and Practice: Under the Codes and Practice Acts, at Common Law, in Equity and in Criminal Cases 750-51 (Northport, Edward Thompson Co. 1895); Sparry's Case, (1591) 77 Eng. Rep. 148 (Exch.)). In its modern form, the doctrine of prior suit pending requires proof of the following four elements:

(1) the lawsuits must involve identical subject matter; (2) the lawsuits must be between the same parties or their privies; (3) the former lawsuit must be pending in a court having subject matter jurisdiction over the dispute; and (4) the former lawsuit must be pending in a court having personal jurisdiction over the parties.

West, 256 S.W.3d at 623.

[3] The trial court explained in its order that Ms. Cannon was justified in filing two actions because "[r]efiling under the 'old' law *only* would certainly invite an attack for failure to comply with the [new requirements of the Act]. Refiling under the 'new' law *only* would, likewise, invite an attack for failure to refile within the time allowed by Tennessee's Savings [*sic*] Statute."

While this appeal was pending, Ms. Cannon filed a notice of voluntary dismissal in the trial court on October 11, 2012, seeking to dismiss her second action pursuant to Tennessee Rule of Civil Procedure 41.01. On October 12, 2012, the trial court entered an order dismissing Ms. Cannon's second action in light of this Court's decision in Myers v. AMISUB (SFH), Inc., 382 S.W.3d 300, 309 (Tenn. 2012).[4] See also Rajvongs v. Wright, ___ S.W.3d ___, 2013 WL 6504425 (Tenn. Dec. 12, 2013). On the same day that the trial court entered the order of voluntary dismissal, Dr. Reddy filed a motion in this Court to stay the trial court proceedings during the pendency of this appeal. Six days later, we entered an order denying Dr. Reddy's request for a stay.

## II. Analysis

The trial court's order voluntarily dismissing Ms. Cannon's second action renders moot Dr. Reddy's argument that the doctrine of prior suit pending precludes Ms. Cannon's third action. See Walker v. Vandiver, 181 S.W. 310, 311, 133 Tenn. 143 (Tenn. 1915) (holding that a dismissal of a prior suit before the trial of a subsequent suit obviates the defense of prior suit pending). Because Ms. Cannon's second action has been voluntarily dismissed, the only issue before us is whether the trial court erred in denying Dr. Reddy's motion to dismiss Ms. Cannon's third action on statute-of-limitations grounds.[5] A trial court's ruling on a motion to dismiss is a question of law, which we review de novo with no presumption of correctness. Leggett v. Duke Energy Corp., 308 S.W.3d 843, 851 (Tenn. 2010).

---

[4] Dr. Reddy filed a motion for summary judgment concerning the merits of Ms. Cannon's second health care liability action on February 7, 2011. This motion was pending when the trial court entered its order of voluntary dismissal of Ms. Cannon's second action. See Tenn. R. Civ. P. 41.01(1) (permitting a plaintiff to voluntarily nonsuit an action by written notice "except when a motion for summary judgment made by an adverse party is pending."). But see Stewart v. Univ. of Tenn., 519 S.W.2d 591, 593 (Tenn. 1974) (holding that the trial court possesses the inherent authority "under a proper set of circumstances . . . to permit a voluntary dismissal, notwithstanding the pendency of a motion for summary judgment."). Although not raised by either party, we highlight this issue as an example of the procedural anomalies presented by Ms. Cannon's case.

[5] Although Dr. Reddy requested a stay of the entry of the trial court's order of voluntary dismissal, we denied his request and allowed the trial court's dismissal of the second action to stand. We see no reason to revise our decision at this time. But see In re Conservatorship for Allen, No. E2010-01625-COA-R10-CV, 2010 WL 5549037 at *7 (Tenn. Ct. App. Dec. 29, 2010) (holding that during the pendency of an extraordinary appeal, the trial court erred by amending orders that were the subject of the appeal).

-5-

In Myers, we held that a plaintiff who files his initial health care liability complaint prior to the effective date of the pre-suit notice statute, dismisses his original action, and refiles an action after the effective date of the statute must comply with the pre-suit notice and certificate of good faith requirements of the Act. 382 S.W.3d at 309. Accordingly, Ms. Cannon's third lawsuit is subject to the pre-suit notice and certificate of good faith provisions of the Act. Notably, as it relates to her third complaint, Dr. Reddy does not challenge Ms. Cannon's compliance with the pre-suit notice or certificate of good faith statutes. Instead, Dr. Reddy contends that the 120-day extension of the "applicable statutes of limitation or repose" does not apply to the saving statute. See Tenn. Code Ann. § 29-26-121(c).

We recently addressed this issue in Rajvongs v. Wright, ___ S.W.3d ___, 2013 WL 6504425 (Tenn. Dec. 12, 2013). In Rajvongs, we labeled the "narrow category" of plaintiffs described in Myers as "transitional" and determined that although the saving statute is neither a statute of limitation nor a statute of repose, there was no indication "that the General Assembly would require transitional plaintiffs to provide pre-suit notice before refiling under the saving statute and yet deprive such plaintiffs of the 120-day extension." Rajvongs v. Wright, 2013 WL 6504425 at *5. We therefore held that a transitional plaintiff who properly provides pre-suit notice is entitled to a 120-day extension of the saving statute. Id.

Applying our holding in Rajvongs, Ms. Cannon is entitled to the 120-day extension. Ms. Cannon's pre-suit notice letters of January 6, 2011, alerted Dr. Reddy that a "potential claim" for health care liability was being asserted against him. See Tenn. Code Ann. § 29-26-121(a). Ms. Cannon's pre-suit notice letters preceded the filing of her third complaint by 111 days, far exceeding the sixty-day requirement of section 29-26-121(a)(1). Dr. Reddy does not dispute that Ms. Cannon's notice letters complied with the pre-suit notice statute and does not challenge Ms. Cannon's certificate of good faith. Accordingly, we conclude that Ms. Cannon, a transitional plaintiff who properly gave pre-suit notice, is entitled to the automatic 120-day extension granted in section 29-26-121(c).[6] Ms. Cannon's third action was therefore timely filed on April 27, 2011.

## III. Conclusion

We conclude that Ms. Cannon's pre-suit notice of January 6, 2011, extended her time for refiling her action by 120 days and that her April 27, 2011 action was therefore timely filed. We affirm the judgment of the trial court and remand this case for further proceedings.

---

[6] At the risk of stating the obvious, our reasoning in this case does not extend beyond the bounds of health care liability law and the limited number of transitional plaintiffs whose cases are still pending.

Costs of this appeal are taxed to Dr. Reddy and his surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE