IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 10, 2017 Session

**MEGAN C. ENGLAND v. SONYA SCHNUR ET AL.**

**Appeal from the Circuit Court for Hamilton County**
**No. 16C1207     W. Neil Thomas, III, Judge**

_____

**No. E2017-00085-COA-R3-CV**

_____

Megan England filed a petition for a restraining order, protective order and injunctive relief against Sonya Schnur, Roswell Schnur, and Lisa Schnur, alleging, among other things, that the respondents had taken actions that caused her to fear for her safety. The trial court granted her a temporary restraining order. Three days later, respondents filed motions to dismiss under Tenn. R. Civ. P. 12.02(6) for failure to state a claim upon which relief can be granted. Respondents subsequently filed two affidavits in support of the motions. Shortly thereafter, petitioner filed a notice of voluntary nonsuit asking for dismissal of her petition without prejudice. Respondents opposed the dismissal unless it was entered with prejudice. Contrary to the respondents' request, the court dismissed the action without prejudice. We hold that the trial court did not consider matters outside the pleadings in making its decision. As a consequence, the motion of the respondents was not converted into a motion for summary judgment. In the alternative, even if the conversion occurred, the trial court had discretion to grant the petitioner's request without prejudice under the authority of *Stewart v. Univ. of Tenn.*, 519 S.W.2d 591, 593 (Tenn. 1974). The trial court did not abuse its discretion in declining to make its dismissal with prejudice. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

John P. Konvalinka, Chattanooga, Tennessee, for the appellants, Sonya Schnur, Roswell Schnur, and Lisa Daniela Schnur.

Bill W. Pemerton, Chattanooga, Tennessee, for the appellee, Megan C. England.

**OPINION**

**I.**

Petitioner was the appointed guardian ad litem for Lisa Schnur's minor son in another and separate legal action. Sonya and Roswell Schnur are Lisa Schnur's parents. The action involving the child was apparently protracted and contentious – the petition states that "throughout 2016 the parties have engaged in approximately twelve days of trial." Petitioner alleged several actions by respondents that she perceived as aggressive and threatening, and stated as follows:

> Due to the nature of the proceeding, the conduct of the Respondents, and the suspicious nature of the happenings referenced in this Petition, Petitioner is in fear of her own safety, in fear of retaliation by the parties for attempting to fulfill her duties as *Guardian ad Litem*, and has great concerns regarding the continued efforts by the Respondents to intimidate her and cause damage to her reputation for merely fulfilling her duties in her court appointed role.

(Italics in original.) On the same day the petition was filed, October 17, 2016, the trial court entered an ex parte TRO stating that "for good cause shown," respondents or their agents were enjoined from coming about petitioner, her home, and her place of business, and also from "making untrue and derogatory remarks about the Petitioner."

On October 20, 2016, Sonya and Roswell Schnur each filed a motion to dismiss. They sought to dissolve the TRO. Each motion was captioned in part "motion to dismiss" and each recited that it was filed pursuant to Tenn. R. Civ. P. 12. Four days later, Lisa Schnur followed suit with her own motion to dismiss. On October 28, 2016, Sonya Schnur filed an affidavit disputing some of the factual allegations in the petition. The same day, Lisa Schnur filed an affidavit alleging numerous procedural defects in the manner the petition had been filed and granted. On November 7, 2016, petitioner filed a notice of nonsuit pursuant to Tenn. R. Civ. P. 41.01, asking for dismissal without prejudice. The trial court dismissed the action without prejudice, stating, in pertinent part, as follows:

> Under Rule 41 of the Tennessee Rules of Civil Procedure, a plaintiff may voluntarily dismiss its complaint without prejudice unless two circumstances exist: the case has been submitted to the jury or unless a motion for summary

2

judgment has been made.  In that regard, Rule 41 provides as follows:

> Subject to the provisions of Rule 23.05, Rule 23.06, or Rule 66 or any statute, and except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit to dismiss an action without prejudice by filing a written notice of dismissal. . . .

> In this case, [respondents] moved to dismiss the complaint pursuant to Rule 12 of the Tennessee Rules of Civil Procedure, and that motion was followed by Plaintiff's notice of voluntary dismissal, to which the [respondents] have objected unless the complaint is dismissed with prejudice. Although Rule 41 expressly prohibits a voluntary dismissal without prejudice when a motion for summary judgment has been made and is pending, the Rule does not expressly cover the situation where a motion to dismiss has been made under Rule 12.  The Rule does not speak to the situation where an affidavit has been submitted in connection with a Rule 12 motion, in which case the motion to dismiss is treated as a motion for summary judgment.  . . . Under the circumstances and the express language of Rule 41, it would seem that the rule speaks to the situation where an express motion for summary judgment has been made pursuant to Rule 56, not where a Rule 12 motion to dismiss has been treated as a motion for summary judgment.

(Underlining and internal quotation marks in original omitted.)  Respondents timely filed a notice of appeal.

## II.

The issue presented is whether the trial court abused its discretion in not dismissing the petition with prejudice.  Respondents argue that the trial court erred in granting the TRO, but this issue is moot in light of the trial court's subsequent dismissal of the petition and resulting dissolution of the TRO.  The question is whether the trial court should have dismissed the action with or without prejudice.  "Interpretation of the Tennessee Rules of Civil Procedure is a question of law," which we review de novo with

3

no presumption of correctness as to the trial court's judgment. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004).

**III.**

Rule 41 "grants a plaintiff an absolute right to voluntarily dismiss an action, without prejudice to its refiling," subject to its prescribed exceptions. *Hurley v. Pickens*, No. E2015-02089-COA-R3-CV, 2016 WL 5543268, at *2 (Tenn. Ct. App., filed Sept. 29, 2016). "This rule embodies the policy of Tennessee jurisprudence that the right of the plaintiff to dismiss the action without prejudice is 'free and unrestricted' except in limited and well-defined circumstances." *Id.*; *see also Lacy*, 152 S.W.3d at 484 ("A plaintiff's right to voluntary dismissal without prejudice is subject to the exceptions expressly stated in Rule 41.01(1) as well as to an implied exception which prohibits nonsuit when it would deprive the defendant of some vested right") (footnote omitted). The exception at issue here is Rule 41.01's provision that "except when a motion for summary judgment made by an adverse party is pending, the plaintiff shall have the right to take a voluntary nonsuit." Respondents did not file a motion for summary judgment, but rather a motion to dismiss under Rule 12.02, which rule states in pertinent part that "[i]f, on a motion asserting the defense . . . to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."

The trial court's statement that Rule 41.01 "does not speak to the situation where an affidavit has been submitted in connection with a Rule 12 motion, in which case the motion to dismiss is treated as a motion for summary judgment" suggests a misapprehension by the trial court as to the point in time when a Rule 12.02 motion to dismiss is converted to a summary judgment motion. It is not automatically converted at the time a party files matters outside the pleadings. *Meeks v. Gasaway*, No. M2012-02083-COA-R3-CV, 2013 WL 6908942, at *3-4 (Tenn. Ct. App., filed Dec. 30, 2013); *Finchum v. ACE, USA*, 156 S.W.3d 536, 538 (Tenn. Ct. App. 2004) (finding no conversion because "the [t]rial [c]ourt did not consider the settlement document attached to the motion to dismiss [and] did not consider anything other than the face of the complaint"). We have observed that "[a] motion to dismiss is converted to a motion for summary judgment when the trial court states, or the evidence shows, that it 'considered' matters outside the pleading." *Asbury v. Lagonia-Sherman, LLC*, No. W2001-01821-COA-R3-CV, 2002 WL 31306691, at *3 n.1 (Tenn. Ct. App., filed Oct. 15, 2002), and cases cited therein.

Furthermore, it has long been the rule that "[i]t is left to the discretion of the trial judge whether or not to receive matters outside the pleading on a motion to dismiss for

4

failure to state a claim," and "extraneous matter may not be considered if the court excludes it." *Hixson v. Stickley*, 493 S.W.2d 471, 473 (Tenn. 1973); *Pac. E. Corp. v. Gulf Life Holding Co.*, 902 S.W.2d 946, 952 (Tenn. Ct. App. 1995) ("Trial courts have discretion to accept or exclude matters beyond the pleadings, . . . and may prevent a conversion [to summary judgment] from taking place by declining to consider extraneous matters") (superseded by statute on other grounds, *Pero's Steak and Spaghetti House v. Lee*, No. E2001-00254-COA-R3-CV, 2001 WL 1180606, at *4 (Tenn. Ct. App., filed Oct. 8, 2001)); *Saroff v. Cohen*, No. E2008-00612-COA-R3-CV, 2009 WL 482498, at *4 (Tenn. Ct. App., filed Feb. 25, 2009).

In the present case, the trial court did not make specific reference to the affidavits filed by respondents, and there is no indication in its order that it considered them. In *Asbury*, this Court addressed a similar situation, stating:

> Of course, in order to exclude matters outside the pleadings, the trial court need not *expressly* state that it has chosen to exclude such matters filed with the motion, but the circumstances may indicate that it excluded such information. For example, in *Winchester v. Little*, 996 S.W.2d 818 (Tenn. App. 1998), . . . the trial court did not state expressly that it was excluding matters outside the pleadings, but rather "couched" its order in terms of a dismissal and stated that it considered only "the pleadings" and the arguments of the parties, thereby excluding the extraneous evidence by negative implication. . . . In sum, while the trial court need not expressly exclude consideration of matters outside the pleadings, it can imply that the collateral information was excluded; however, there must be some indicia that the trial court in fact excluded the additional information.

2002 WL 31306691, at *3 (emphasis in original). In this case, we find that the most reasonable inference to be drawn from the record and the trial court's order of dismissal without prejudice is that the trial court did not consider, and, hence, intended to exclude, the collateral information presented outside the pleadings. The trial court thus acted within its sound discretion in dismissing the petition without prejudice.

Moreover, even if the trial court had considered the affidavits, the Supreme Court has made it clear that

> it is implicit in [Rule 41] and inherent in the power of the Court that, under a proper set of circumstances, the Court has

5

the authority to permit a voluntary dismissal, notwithstanding the pendency of a motion for summary judgment.

*Stewart v. Univ. of Tenn.*, 519 S.W.2d 591, 593 (Tenn. 1974); *Cannon ex rel. Good v. Reddy*, 428 S.W.3d 795, 798 n.4 (Tenn. 2014); *Lacy*, 152 S.W.3d at 485. The trial court's statement in its order that "Rule 41 expressly prohibits a voluntary dismissal without prejudice when a motion for summary judgment has been made and is pending" is not correct. In such a situation, the rule prevents a plaintiff from taking a nonsuit without prejudice *as a matter of absolute right*, but does not remove the trial court's authority to grant a dismissal without prejudice as a *discretionary* matter, "under a proper set of circumstances." *Stewart*, 519 S.W.2d at 593; *see also Koczera v. Steele*, No. E2015-02508-COA-R3-CV, 2017 WL 1534962, at *4 (Tenn. Ct. App., filed Apr. 28, 2017); *Autin v. Goetz*, 524 S.W.3d 617, 631 (Tenn. Ct. App. 2017); *Ewan v. Hardison Law Firm*, 465 S.W.3d 124, 130 (Tenn. Ct. App. 2014). In this case, respondents do not argue that the dismissal without prejudice resulted in "plain legal prejudice" to them, *Oliver v. Hydro-Vac Servs. Inc.*, 873 S.W.2d 694, 696 (Tenn. Ct. App. 1993), nor that it deprived them of a vested legal right, *Anderson v. Smith*, 521 S.W.2d 787, 790 (Tenn. 1975); nor does the record support such an argument.

We do not agree with the trial court's apparent conclusion that Rule 41 establishes a legal distinction between a situation "where an express motion for summary judgment has been made pursuant to Rule 56," as opposed to "where a Rule 12 motion to dismiss has been treated as a motion for summary judgment." This Court has stated that "[i]f the trial court considers matters other than the complaint, Tenn. R. Civ. P. 12.02 requires that the motion to dismiss be treated *for all purposes* as a Tenn. R. Civ. P. 56 motion for summary judgment." *Ivy v. Tenn. Dep't of Corr.*, No. M2001-01219-COA-R3-CV, 2003 WL 22383613, at *2 (Tenn. Ct. App., filed Oct. 20, 2003) (emphasis added). We affirm on the grounds (1) that the trial court implicitly excluded the affidavits from its consideration of the motion to dismiss, or, alternatively, (2) that, if it did not exclude them, it did not abuse its discretion in dismissing the action without prejudice notwithstanding the pendency of a motion for summary judgment. "The Court of Appeals may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result." *City of Brentwood v. Metro. Bd. of Zoning Appeals*, 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004).

## IV.

The judgment of the trial court is affirmed. Costs on appeal are assessed to the

appellants, Sonya Schnur, Roswell Schnur, and Lisa Daniela Schnur.  This case is remanded to the trial court for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., JUDGE