# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
January 28, 2015 Session

## CHARLES WALKER v. BANK OF AMERICA, N. A., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 13C1461     Joseph P. Binkley, Jr., Judge**

_____

**No. M2014-00672-COA-R3-CV – Filed April 6, 2015**

_____

Plaintiff submitted the winning bid for the purchase of improved real property from Defendant Bank at auction. Plaintiff and Bank executed a purchase agreement and Plaintiff paid earnest money. Before the scheduled closing date, Bank informed Plaintiff that it did not own part of the real property advertised for auction. It offered to sell Plaintiff the unimproved parcel for the contract amount or to terminate the contract. After Plaintiff informed Bank's closing agent that he intended to close on the entire parcel as advertised for auction, Bank returned Plaintiff's earnest money and terminated the contract. Plaintiff filed an action alleging intentional misrepresentation, negligent misrepresentation, and violation of the Tennessee Consumer Protection Act against Bank and the auction company. The trial court granted Bank's motion to dismiss and granted the auction company's motion for a judgment on the pleadings. We affirm the decision of the trial court and remand.

**Tenn. R. App. P. 3 Appeal; Judgment of the Circuit Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Charles Walker, Pro se.

H. Frederick Humbracht, Jr., Nashville, Tennessee, for the appellee, Bank of America, N.A.

Joshua A. Mullen, Nashville, Tennessee, and Philip B. Whitaker, Jr., Chattanooga, Tennessee, for the appellees Auction.Com, Inc. and Auction.Com, LLC.

# MEMORANDUM OPINION[1]

This dispute arises from an on-line auction of foreclosed real property that was offered for sale by Defendant Bank of America, N.A., ("the Bank"). The facts relevant to our disposition of this matter on appeal are not disputed and, because the trial court dismissed this matter for failure to state a claim, we recite the facts as alleged in Plaintiff Charles Walker's ("Mr. Walker's") amended complaint ("complaint"). In December 2012, real property described as 1014 Nesbitt Drive, Nashville, Tennessee, ("the property") was offered for sale at auction by the Bank and was auctioned by Defendant Auction.com, Inc., ("Auction.com"). The property was listed at auction as item number HA4127; it was described as including a single family residence with 1988 square feet, three bedrooms, and two bathrooms. Plaintiff Charles Walker submitted the winning bid of $19,500, plus a buyer's premium in the amount of $2,500, for a total bid price in the amount of $22,000. On December 24, 2012, Mr. Walker and the Bank executed a document entitled "Purchase Agreement with Joint Escrow Instructions" ("the contract" or "the agreement") and Mr. Walker remitted earnest money in the amount of $5,000. The contract recited a closing date of January 22, 2013. On or about January 16, 2013, the Bank notified Mr. Walker that it did not own the portion of the real property that contained the house, but only an unimproved portion of real property known as "Lot #47." The Bank offered to convey Lot #47 to Mr. Walker at the same contract price or to terminate the contract. Mr. Walker contacted the Bank's closing agent and notified him that he intended to close on the property as advertised for auction on January 22, 2013, per the auction terms. On or about January 18, 2013, Mr. Walker received cancellation instructions from the Bank that were dated January 11, 2013. The instructions included a waiver and release clause, which Mr. Walker refused to sign. The full amount of the $5,000 Earnest Money that Plaintiff had remitted upon execution of the contract was returned to Plaintiff by the Bank prior to the January 22, 2013 scheduled closing date and Plaintiff provided no other money to Defendants in relation to the real estate transaction.

On April 8, 2013, Mr. Walker filed a complaint against the Bank, Auction.com, and Auction.com, LLC, (Auction.com, Inc., and Auction.com, LLC, will be referred to collectively as "Auction") in the Circuit Court for Davidson County. In his complaint, Mr. Walker asserted claims for violation of the Tennessee Consumer Protection Act, intentional misrepresentation, and negligent misrepresentation. Mr. Walker prayed for compensatory damages in the amount of $133,300, an amount which he alleged represented the value of the house and lot that would have been conveyed if Defendants'

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

representations were true; punitive damages; treble damages; and attorney's fees and costs pursuant to Tennessee Code Annotated § 47-18-108.[2]

The Bank filed a motion to dismiss for failure to state a claim on September 20, 2013. In its motion, the Bank asserted, in relevant part:

> Any alleged claims are barred by the express terms of the contract. Any damage claim is limited by the express terms of the contract. To the extent plaintiff assets that he is entitled to the benefit of the contract, i.e., the property or damages based on the benefit of the bargain, he has affirmed the contract and is bound by all its terms. To the extent plaintiff disavows the contract, his damages are limited to the earnest money he paid that was previously tendered to him.

Auction also filed a motion to dismiss for failure to state a claim in September 2013. Auction asserted, in relevant part, that Mr. Walker failed to state a claim "because the documents that Plaintiff identifies as 'the complete agreement of the parties' expressly shows that Plaintiff knew and acknowledged that the property might be sold as 'LAND ONLY' and confirm that Defendants did not make any representations regarding the status or condition of the property." On October 18, 2013, Auction filed a motion to convert its motion to dismiss to a motion for a judgment on the pleadings.

In October 2013, the trial court entered an order finding that the parties had stipulated to the following facts at a hearing held on October 4:

> 1. Plaintiff executed and signed the documents he labeled as Exhibit B to Plaintiff's Response to the Defendants' Motions, which he identifies as the Electronic Document Signing Service containing the complete agreement of the parties. Plaintiff admits and stipulates that on December 24, 2012, he electronically clicked through these documents and executed his initials or signatures on the pages where his initials or signatures appear;
>
> 2. The parties stipulate that the documents labeled as Exhibit B to Plaintiff's Responses to the Defendants' Motions are true and correct copies of documents Plaintiff signed; and
>
> 3. Plaintiff admits and stipulates that the full amount of the $5,000 Earnest Money that Plaintiff provided in relation to the real estate transaction described in the Complaint was returned to Plaintiff prior to the January 22, 2013 scheduled

---

[2] In October 2013, Mr. Walker filed a motion to amend his complaint and filed an amended complaint with his motion. The trial court granted Mr. Walker's motion to amend on December 12, 2013. Mr. Walker's amended complaint clarified his Tennessee Consumer Protection Act claim.

closing date via wire funds transfer and that Plaintiff provided no other money to Defendants in relation to the real estate transaction.

The trial court ordered the parties to further brief whether Mr. Walker could state claims for negligent misrepresentation, intentional misrepresentation, and violation of the Tennessee Consumer Protection Act where the Bank had returned Mr. Walker's earnest money. It also ordered the parties to brief the question of the election of remedies in tort and contract.

Following a hearing on November 15, 2013, the trial court granted Auction's motion to convert its motion to dismiss to a motion for a judgment on the pleadings; granted Auction's motion for a judgment on the pleadings; and granted the Bank's motion to dismiss. The trial court incorporated its October 2013 order into the judgment and stated:

> Based on the stipulations of the parties in the October 14, 2013 Order, the Court finds that Plaintiff paid only $5,000 to Defendants, that $5,000 was returned to Plaintiff, and Plaintiff executed a contract that limited his damages to only $5,000. Plaintiff is attempting to obtain benefit of the bargain damages with the claims in the Complaint, but the Contract he admittedly executed limited his damages to only $5,000, which has already been returned to him.

Mr. Walker filed a motion to alter or amend the judgment and, following a hearing in February 2014, the trial court granted the motion in order to clarify its reasoning. The trial court entered final judgment on March 7, 2014, and Mr. Walker filed a timely notice of appeal to this Court.

## Issues Presented

Mr. Walker presents the following issues for our review, as stated by him:

> Whether the trial court erred by dismissing Plaintiff's claims for intentional misrepresentation, negligent misrepresentation, and for violations of the Tennessee Consumer Protection Act, ("TCPA") pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure.

>    a. Intentional Misrepresentations Claim
>    b. Negligent Misrepresentations Claim
>    c. Tennessee Consumer Protection Act "TCPA" Claims
>    d. *Derryberry v. Hill* and its predecessor cases require a closing of the real estate transaction
>    e. Punitive Damages are Damages

## Standard of Review

When considering a motion to dismiss for failure to state a claim under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, the trial court must determine whether the pleadings state a claim upon which relief may be granted. Tenn. R. Civ. P. 12.02(6); *Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013). The motion tests "only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Therefore, when reviewing a motion to dismiss, we must accept the facts alleged in the complaint as true and construe them in favor of the plaintiff. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012). The trial court should grant a motion to dismiss only if it appears that the plaintiff cannot establish any facts in support of the claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999). We review a trial court's award of a motion to dismiss *de novo* with no presumption of correctness. *Myers*, 382 S.W.3d at 308.

When the trial court considers matters outside of the pleadings, however, "a motion to dismiss is converted to a motion for summary judgment."[3] *Moore v. State*, 436 S.W.3d 775, 783 (Tenn. Ct. App. 2014) (citation omitted). Like our review of a trial court's order granting a motion to dismiss, our review of a trial court's award of summary judgment is *de novo* with no presumption of correctness. *Id.* (citation omitted). We must "review[] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in that party's favor." *Id.* (citation omitted). It is well-settled that summary judgment may be granted only if the moving party carries his burden to demonstrate that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citations omitted).

In its March 2014 final order, the trial court in this case entered judgment in favor of Defendants after a hearing that resulted in stipulated facts; after ordering the parties to brief the court on election of remedies in contract and in tort; and upon construing the parties' purchase agreement, which was not attached to Mr. Walker's complaint. The trial court also dismissed Mr. Walker's Tennessee Consumer Protection Act claim upon

---

[3] We have recognized exceptions where the trial court considers "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; these items may be considered by the [trial] judge without converting the motion into one for summary judgment." *Singer v. Highway 46 Properties, LLC*, No. M2013–02682–COA–R3–CV, 2014 WL 4725247, at *3 (Tenn. Ct. App. Sept. 23, 2014) (quoting *Western Express, Inc. v. Brentwood Services, Inc.*, No. M2008–02227–COA–R3–CV, 2009 WL 3448747 at *3 (Tenn. Ct. App. Oct. 26, 2009) (citing *Ind. State District Council of Laborers v. Brukardt*, No. M2007–02271–COA–R3–CV, 2009 WL 426237 at *8 (Tenn. Ct. App. Feb. 19, 2009) (perm. app. denied Aug. 24, 2009))).

determining that Mr. Walker "ha[d] not suffered an ascertainable loss" under *Discover Bank v. Morgan*, 363 S.W.3d 479 (Tenn. 2012).

Regardless of whether the trial court's order in this case should properly be reviewed as one granting a motion to dismiss or as an award of summary judgment, the trial court determined that Defendants were entitled to a judgment as a matter of law pursuant to the parties' contract and relevant case law. Construction of a contract, like dismissal for failure to state a claim and an award of summary judgment, presents a question of law that we review *de novo*, with no presumption of correctness. *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013). The facts relevant to our disposition on appeal are not disputed and our standard of review in this case is the same regardless of which motion was appropriate. *See Rajvongs v. Wright*, No. M2011–01889–COA–R9–CV, 2012 WL 2308563, at *3 n.3 (Tenn. Ct. App. June 18, 2012), *aff'd*, 432 S.W.3d 808 (Tenn. 2013). We accordingly turn to whether Defendants were entitled to a judgment as a matter of law.

**Discussion**

It is undisputed in this case that Defendants offered the property at sale by auction; that the property description was incorrect; that the Bank discovered the error before the scheduled closing date; that the Bank informed Mr. Walker of the error; and that the Bank offered to terminate the contract or sell Mr. Walker the vacant lot. It also is undisputed that Mr. Walker did not accept the Bank's offer but informed the Bank's agent that he intended to close on the entire property as scheduled, and that the Bank terminated the agreement. Further, Mr. Walker, who is an attorney, acknowledges that he reviewed and signed the purchase agreement contained in the record and that he separately initialed approximately thirty provisions contained in the agreement. Finally, it is undisputed that upon making its decision to terminate the contract, as it had a right to do, the Bank returned to Plaintiff the $5,000 in earnest money that the Plaintiff had paid to Bank upon execution of the contract and that this was all of the money that the Plaintiff had paid in this real estate transaction.

We additionally note that, in its March 2014 order on Mr. Walker's motion to alter or amend, the trial court stated that it was granting the motion "to more completely clarify the reasoning for its December 12, 2013 [o]rder dismissing this action." The trial court also based its judgment on the stipulations of fact contained in its October 2013 order, and incorporated its oral ruling into its March 2014 order. The trial court dismissed Mr. Walker's claims for intentional misrepresentation and negligent misrepresentation based upon its application of *Derryberry v. Hill*, 745 S.W.2d 287 (Tenn. Ct. App. 1987), to the undisputed facts in this case. It dismissed Mr. Walker's claims under the Tennessee Consumer Protection Act upon determining that, under *Discover Bank v. Morgan*, 363 S.W.3d 479 (Tenn. 2012), Mr. Walker had not suffered an

6

ascertainable loss. We accordingly turn to whether Defendants were entitled to a judgment as a matter of law in this case.

## Misrepresentation Claims

Notwithstanding the trial court's reliance on *Derryberry*, our discussion of Mr. Walker's claims for negligent and intentional misrepresentation begins and ends with the explicit terms of the parties' agreement. It is well-settled that the interpretation of a contract is a matter of law and is, therefore, subject to *de novo* review on appeal. *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 465 (Tenn. 2012) (citation omitted). It is also well-settled that we may affirm judgment as a matter of law on grounds that differ from the grounds stated by the trial court. *Moore v. State*, 436 S.W.3d 775, 777 (Tenn. Ct. App. 2014) (citation omitted).

The first provision of the purchase agreement executed by the parties in December 2012 states:

> Buyer understands and acknowledges that Seller had or may have acquired the property through foreclosure, deed-in-lieu of foreclosure, or similar process, Seller has never occupied the property, and seller has little or no direct knowledge about the condition of the property. Buyer further understands and acknowledges that the Seller may be selling the property as land only, in its present and existing physical condition and makes no representations or warranties as to whether the property contains structures of any kind. Buyer agrees that Buyer is buying the property "as is, where is, with all its faults and limitations" (as more fully set forth in section 9 of this agreement).

The agreement further provides:

> Notwithstanding any provision to the contrary in this agreement, Seller's liability and Buyer's sole and exclusive remedy in all circumstances and for all claims . . . arising out of or relating in any way to this agreement of the sale of property to Buyer, including . . . Seller's title to the property . . . shall be limited to not more than:
>
> > (A) A return of Buyer's earnest money deposit if the sale to Buyer does not close as further set forth herein; and
> > (B) The lesser of Buyer's actual damages or $5,000 if the sale to Buyer closes.

Additionally the agreement states:

> The Buyer further waives the following to the fullest extent permitted by law:
> . . .

7

(E) Any remedy of any kind that the Buyer might otherwise be entitled to at law or equity (including, but not limited to, rescission of this agreement), except as expressly provided by this agreement.

It also provides that "Buyer grants Seller the unilateral right to execute cancellation instructions in the event that the Seller elects to cancel the closing and the transaction contemplated by this agreement."

Similarly, the terms and conditions under which Auction conducted the auction of the property contain a disclaimer that states that:

Neither Seller, Broker nor Auctioneer makes any representations or warranties as to the accuracy or completeness of any information contained online at the Auction website, in the Auction brochure or available at the Property (if any) or as otherwise made available by the Seller, Seller's Broker or Auctioneer. All prospective Bidders are required and encouraged to conduct their own due diligence and investigate all matters relating to the Properties that they are interested in purchasing at the Auction. . . . No warranties, express or implied . . . are made with respect to the online bidding platform or any information software therein.

Auction's terms state:

Each prospective purchaser/bidder . . . hereby fully and irrevocably releases Sellers, Broker and Auctioneer . . . from any and all claims that he . . . may now have or hereafter acquire . . . arising from or relating to any errors, omissions or other conditions affecting the properties.[4]

It is undisputed that the sale did not close and that the Bank terminated the transaction and returned Mr. Walker's earnest money deposit in the amount of $5,000. Under the express terms of the agreement, the return of earnest money was the sole remedy available to Mr. Walker "for all claims" at law or equity. As a matter of law, the Bank was entitled to summary judgment on Mr. Walker's claims for negligent and intentional misrepresentation under the unambiguous express terms of the contract. Under Auction's terms and conditions, it also was entitled to a judgment as a matter of law.

---

[4] Auction's terms and conditions for its on-line auction provides:

By registering for the Auction, Bidder acknowledges having read, agreed to and accepted these Terms and Conditions, as may be updated from time to time prior to the Auction. Such form of acceptance by Bidder is binding and Bidder acknowledges that such acceptance shall be binding and enforceable pursuant to the Electronic Signatures in Global and National Commerce Act ("E-Sign Act")[.]

In his reply brief to this Court, Mr. Walker asserts that the purchase agreement is a contract of adhesion. However, Mr. Walker did not raise this issue in the trial court and it is well-settled that issues not raised in the trial court cannot be raised for the first time on appeal. *Barnes v. Barnes*, 193 S.W.3d 495, 501 (Tenn. 2006). This issue is, therefore, waived.

## Tennessee Consumer Protection Act Claim

We also affirm summary judgment in favor of Defendants with respect to Mr. Walker's claims under the Tennessee Consumer Protection Act. First, as noted above, Mr. Walker executed an "as is" contract that specifically limited his remedy to the return of his earnest money. Second, assuming the provisions in Auction's terms and conditions and the purchase agreement executed by Mr. Walker and the Bank are not sufficient to constitute waiver of claims under the Tennessee Consumer Protection Act ("the Act"), we agree with the trial court that Mr. Walker did not suffer an ascertainable loss for the purpose of recovery under the Act.

The Act provides:

(a)(1) Any person who suffers an ascertainable loss of money or property, real, personal, or mixed, or any other article, commodity, or thing of value wherever situated, as a result of the use or employment by another person of an unfair or deceptive act or practice described in § 47-18-104(b) and declared to be unlawful by this part, may bring an action individually to recover actual damages.

Tennessee Code Annotated § 47-18-109. In *Johnson v. Dattilo* and *Land v. Dixon*, we noted that "[t]he phrase "as a result of" requires a showing by a plaintiff that the alleged violations of the Act proximately caused his or her injury. *Johnson v. Dattilo*, No. M2010–01967–COA–R3–CV, 2011 WL 2739643, at *7 (Tenn. Ct. App. July 14, 2011); *Land v. Dixon*, No. E2004-01019-COA-R3-CV, 2005 WL 1618743, at *4 (Tenn. Ct. App. July 12, 2005) (internal citations omitted).

In *Johnson,* we held that the plaintiffs could not establish damages for the purpose of the Act when they were aware of the alleged misrepresentations regarding the real property and elected to close on the property rather than avoiding the alleged injury. *Johnson*, 2011 WL 2739643, at *7. In *Land*, which like the current case arose from the sale of real property at auction, the plaintiffs filed an action for misrepresentation and violation of the Act before closing on the sale and then, nevertheless, closed on the property. We held that where Plaintiffs voluntarily elected to close on the contract for sale of the property with full knowledge of the alleged misrepresentations and of the truth regarding the property, Plaintiffs cannot show the required causative link between the misrepresentations and their alleged injury.

9

*Land*, 2005 WL 1618743, at \*4. We held that the plaintiffs could not assert a cause of action under the Tennessee Consumer Protection Act where they failed to rescind the contract when they had an opportunity to do so. *Id*. at \*4.

In *Johnson* and *Land* we held that, in cases involving a contract for the sale of real property, damages under the Tennessee Consumer Protection Act are not available if the plaintiff chooses to close on the sale despite prior knowledge of the alleged defects or misrepresentations. When rescission of the contract is an available remedy but the plaintiff fails to avail himself of that remedy, there is no "causative link" between the alleged misrepresentations and the alleged injury. *Id*.

In the current case, it is undisputed that Mr. Walker elected to close on the property, but the Bank refused to do so. The Bank terminated the contract and returned Mr. Walker's earnest money as provided by the terms of the purchase agreement. The trial court determined that Mr. Walker suffered no "ascertainable loss" for the purposes of recovery under the Act where he was returned to the position he occupied before the auction. Mr. Walker, on the other hand, asserts that measure of damages in this case is loss of the benefit of the bargain.

Loss of the benefit of the bargain is the measure of damages in an action for fraudulent misrepresentation. *Elchlepp v. Hatfield*, 294 S.W.3d 146, 151 (Tenn. Ct. App. 2008) (quoting *Haynes v. Cumberland Builders, Inc*., 546 S.W.2d 228 (Tenn. Ct. App. 1976)). *Johnson* and *Land*, however, stand for the proposition that, when a potential buyer of real property has an opportunity to be returned to his original position by rescission of the contract for purchase but fails to avail himself of this opportunity, he cannot maintain an action for damages under the Tennessee Consumer Protection Act. As we stated in *Derryberry v. Hill*, "'waiver of the right to rescission operates as a waiver of the right to maintain as action for damages for the fraud[.]'" *Derryberry v. Hill*, 745 S.W.2d 287, 291 (Tenn. App. 1987) (quoting 37 C.J.S. Fraud § 69 (1943)). In this case, Mr. Walker undisputedly was aware of the alleged misrepresentation before the closing date, the Bank offered to rescind/terminate the contract, and Mr. Walker refused. The Bank terminated the contract and returned Mr. Walker to his original position by refunding all monies paid by Mr. Walker. We agree with the trial court that Mr. Walker suffered no ascertainable loss for the purpose of a claim under the Tennessee Consumer Protection Act.

## Holding

In light of the foregoing, we affirm the judgment of the trial court, although, in part, on different grounds. Costs on appeal are taxed to the Appellant, Charles Walker. Because Mr. Walker is an attorney who has filed a bond in this case, execution may issue on the bond and for further costs, if necessary. This matter is remanded to the trial court

for the collection of costs and further proceedings, as necessary, consistent with this opinion.

 

_____

ARNOLD B. GOLDIN, JUDGE