IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 28, 2015 Session

## DEBORAH BRAY v. RADWAN R. KHURI, M.D.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004039-11     Donna M. Fields, Judge**

_____

**No. W2015-00397-COA-R3-CV – Filed December 3, 2015**

_____

This is a health care liability action arising from decedent's death. Appellant filed this action against Dr. Radwan Khuri. Dr. Khuri moved to dismiss this action for failure to comply with the notice requirement of Tennessee Code Annotated section 29-26-121 *et seq.* Specifically, Dr. Khuri challenged whether the medical release provided with the pre-suit notice letter was compliant with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The trial court agreed with Dr. Khuri and dismissed the action with prejudice. Appellant timely appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, J., and KENNY ARMSTRONG, J., joined.

Al H. Thomas and Aaron L. Thomas, Memphis, Tennessee, for the appellant, Deborah Bray.

James T. McColgan, III, and Sherry S. Fernandez, Cordova, Tennessee, for the appellee, Radwan R. Khuri, M.D.

### OPINION

#### BACKGROUND

On March 20, 2003, Nigel Bray ("Decedent") was admitted to St. Francis Hospital in Memphis, Tennessee because he was suffering from the effects of drug detoxification and major depression. Decedent was admitted under the care of Appellee, Dr. Radwan Khuri ("Appellee"), a licensed physician specializing in psychiatry. Decedent committed suicide sometime during the evening of March 25, 2003, or early morning of March 26.

Decedent's surviving spouse ("Appellant") originally filed suit against Appellee on March 11, 2004. An Order of Voluntary Dismissal was entered on May 14, 2010.

Appellant mailed Appellee a "Notice of Potential Claim for Medical Malpractice" letter and "Authorization to Disclose Health Information" form on May 2, 2011, in accordance with Tennessee Code Annotated section 29-26-121. Appellant re-filed this action on September 2, 2011, alleging medical negligence. Appellee filed a motion to dismiss, arguing that Tennessee Code Annotated section 29-26-21 did not act to extend the one year period under which a plaintiff may re-file a claim pursuant to the Tennessee Code Annotated section 28-1-105 "savings statute" and that Appellant filed suit outside the three year Tennessee medical malpractice statute of repose. The circuit court issued an order holding the case in abeyance until the Tennessee Supreme Court addressed a similar issue in *Rajvongs v. Wright*, 432 S.W.3d 808 (Tenn. 2013). After the supreme court issued its opinion in that case[1], the circuit court issued an order denying Appellee's motion on August 22, 2014.

On October 2, 2014, Appellee filed a second motion to dismiss, arguing that Appellant did not substantially comply with the health care liability statute because she failed to provide a HIPAA-compliant medical authorization as mandated by Tennessee Code Annotated section 29-26-121(a)(2)(E). Appellee argued that while Appellant did provide notice as required by the statute, Appellant's medical authorization form was deficient because it did not include a description of the information to be used and it failed to identify which health care providers were authorized to make the requested disclosures. In response, Appellant argued that the statute's language did not require it to provide an authorization form at all. Appellant argued that the phrase "permitting the provider receiving the notice to obtain complete medical records from *each other provider* being sent a notice" (emphasis added) in the statute exempted her from providing a form because there were no other providers besides Appellee. In addition, Appellant argued that the form she provided was not deficient when read in conjunction with the potential claim letter accompanying it. The circuit court disagreed and entered an order granting Appellee's motion to dismiss on January 30, 2015. Appellant timely appealed.

**ISSUES**

Appellant presents the following issues for appellate review, which we have restated:

---

[1]In *Rajvongs v. Wright*, the supreme court held that "[b]ecause [the plaintiff] provided pre-suit notice as required by Tennessee Code Annotated Section 29-26-121(a), he is entitled to the 120-day extension provided by section 29-26-121(c)...." *Rajvongs v. Wright*, 432 S.W.3d 808, 814 (Tenn. 2013).

1.      Whether the circuit court erred when it ruled that Appellant's complaint should be dismissed for her failure to provide Appellee with a HIPAA-compliant medical authorization when Appellee was the only medical provider being sent the notice of potential claim.

2.      Whether the trial court erred when it ruled that the HIPAA authorization that Appellant provided to Appellee was deficient because it left certain information to be filled out by Appellee.

### STANDARD OF REVIEW

In this case, Appellee challenged Appellant's alleged non-compliance with the health care liability statute by filing a motion to dismiss. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 307 (Tenn. 2012) ("The proper way for a defendant to challenge a complaint's compliance with Tennessee Code Annotated Section 29-26-121 . . . is to file a Tennessee Rule of Civil Procedure 12.02 motion to dismiss."). The trial court's grant of the motion to dismiss is subject to a de novo review with no presumption of correctness because we are reviewing the trial court's legal conclusion. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

> The question of whether [plaintiff] has demonstrated extraordinary cause that would excuse compliance with the statutes is a mixed question of law and fact, and our review of that determination is de novo with a presumption of correctness applying only to the trial court's findings of fact and not to the legal effect of those findings.

*Myers*, 382 S.W.3d at 307-08 (citing *Starr v. Hill*, 353 S.W.3d 478, 481-82 (Tenn. 2011)). "We review a trial court's decision to excuse compliance under an abuse of discretion standard." *Id.* at 308. "A trial court abuses its discretion only when it 'applie[s] an incorrect legal standard or reache[s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). Because discretionary decisions involve a choice among acceptable alternatives, we will not second-guess a trial court's exercise of its discretion simply because we may have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999).

This appeal also involves the interpretation of a statute. The proper interpretation of a statute is an issue of law. Accordingly, we review the trial court's interpretation of a statute de novo with no presumption of correctness. *See Lind v. Beaman Dodge, Inc.*,

356 S.W.3d 889, 895 (Tenn. 2011); *Mills v. Fulmarque*, 360 S.W.3d 362, 366 (Tenn. 2012). Our primary objective when construing a statute is to effectuate the purpose of the legislature. *Lipscomb v. Doe*, 32 S.W.3d 840, 844 (Tenn. 2000). In construing legislative enactments, we presume that every word in the statute has meaning and purpose and should be given full effect if the obvious intention of the legislature is not violated by doing so. *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005). When a statute is clear, we should apply the plain meaning without complicating the task. *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). With these principles in mind, we turn to the substance of the appeal.

## ANALYSIS

### Whether a HIPAA-compliant authorization form is required where there is only one medical provider

Appellant first raises the issue of whether she was required to provide a HIPAA-compliant authorization form when Appellee was the only medical provider receiving the notice. Tennessee Code Annotated section 29-26-121(a)(2)(E) states that a plaintiff's written notice "shall include…[a] HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Tenn. Code Ann. § 29-26-121(a)(2)(E). Appellant argues that the inclusion of the phrase "from each other provider" signals that it is unnecessary to include an authorization when only one provider is receiving the notice because that provider already has all the relevant records in its possession.

However, as Appellee notes, even though Tennessee Code Annotated section 29-26-121 is commonly referred to as the "notice statute," providing notice is not its only purpose. *Stevens v. Hickman Cmty. Health Care, Inc.*, 418 S.W.3d 547, 555 (Tenn. 2013). In *Stevens*, our supreme court concluded that

> Tenn. Code Ann. § 29-26-121(a)(2)(E) serves to equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records. Because HIPAA itself prohibits medical providers from using or disclosing a plaintiff's medical records without a fully compliant authorization form, it is a threshold requirement of the statute that the plaintiff's medical authorization must be sufficient to enable defendants to obtain and review a plaintiff's medical records.

*Id.* Relying on *Stevens*, we recently determined in *Hughes v. Henry County Medical Center* that "the goal of section 29-26-121(a)(2)(E) is to provide the means necessary to

'evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records.'" *Hughes v. Henry Cnty. Med. Ctr.*, No. W2014-01973-COA-R3-CV, 2015 WL 3562733, at \*5 (Tenn. Ct. App. June 9, 2015) (*no perm. app. filed*) (citing *Stevens*, 418 S.W3d at 555). Appellant solely providing notice of a potential lawsuit through a letter to the health care provider does not "equip [Appellee] with the actual means to evaluate the substantive merits of [Appellant's] complaint." *Id.* Without a HIPAA-compliant authorization form, the full purpose of the statute becomes frustrated. While Appellee may have physically possessed Decedent's records, he was unable to review them with his attorney in order to evaluate the merits of Appellant's claim. Because we cannot construe a statute in such a way that would violate "the obvious intention of the legislature," *In re C.K.G.*, 173 S.W.3d 714, 722 (Tenn. 2005)(citation omitted), we conclude that Appellant was required to provide a HIPAA-compliant authorization.

### Whether Appellant's authorization was substantially compliant

Having concluded that Appellant was required to provide a HIPAA-compliant authorization, we next determine whether the medical authorization provided by Appellant substantially complied with the requirements of Tennessee Code Annotated section 29-26-121(a)(2)(E).

Tennessee Code Annotated section 29-26-121(a)(2)(E) provides that a plaintiff "shall" include in the pre-suit notice a "HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice." Federal regulations state that a HIPAA-compliant authorization must include the following six elements:

(i) A description of the information to be used or disclosed that identifies the information in a specific and meaningful fashion.

(ii) The name or other specific identification of the person(s), or class of persons, authorized to make the requested use or disclosure.

(iii) The name or other specific identification of the person(s) or class of persons, to whom the covered entity may make the requested use or disclosure.

(iv) A description of each purpose of the requested use or disclosure….

(v) An expiration date or an expiration event that relates to the individual or the purpose of the use or disclosure….

(vi) Signature of the individual and date. If the authorization is signed by a personal representative of the individual, a description of such representative's authority to act for the individual must also be provided.

45 C.F.R. § 164.508(c)(1).

The circuit court found that Appellant's authorization was "not HIPAA compliant and did not substantially comply" with section 29-26-121(a)(2)(E) because it "did not include a description of the information to be used" and "also failed to specifically identify which health care providers were authorized to make the requested disclosures." The court further found that Appellee was prejudiced by Appellant's "deficient authorizations" because without a HIPAA-compliant authorization, Appellee would not be allowed to "use the decedent's records to prepare a defense to [Appellant's] claims."

Our review of the record reveals that Appellant left blank the portion of the authorization form describing the type and amount of information to be used. Appellant argues that the accompanying notice letter authorized Appellee to fill in the blank with the necessary information. There are two problems with Appellant's argument. First, nothing in the notice letter explicitly authorizes Appellee to make any additions or changes to the authorization. The only portion of the letter that references the authorization form merely states that "[a] HIPAA-compliant medical authorization, permitting you and any other provider receiving the notice to obtain complete medical records from each other provider being sent this notice, is attached." The form also indicates that "[t]his potential claim concerns the medical and psychiatric treatment and care that [Appellee] rendered to [Decedent]…prior to and up to [Decedent's suicide]…." Without more, we cannot agree that the notice letter authorized Appellee to fill in the blank.

The second problem with Appellant's argument is that "Plaintiff[s]—not Defendants—[are] responsible for complying with the requirements of" section 29-26-121(a)(2)(E). *Roberts v. Prill*, No. E2013-02202-COA-R3-CV, 2014 WL 2921930 at *6 (Tenn. Ct. App. June 26, 2014) (*no perm. app. filed*) (quoting *Stevens v. Hickman Cmty. Health Care, Inc.*, 418 S.W.3d 547, 559 (Tenn. 2013)). As previously discussed, section 29-26-121(a)(2)(E) "serves to equip defendants with the actual means to evaluate the substantive merits of a plaintiff's claim by enabling early access to a plaintiff's medical records." *Stevens*, 418 S.W.3d at 555. "[I]t is a threshold requirement of the statute that the plaintiff's medical authorization must be sufficient to enable defendants to obtain and review a plaintiff's relevant medical records." *Id.* at 555 (citing 45 C.F.R. § 164.508(a)(1)). In addition, federal regulations state that "[a]n authorization is not valid" if "[t]he authorization has not been filled out completely, with respect to an element

described by paragraph (c) of this section…." 45 C.F.R. § 164.508(b)(2)(ii). Appellant's form left blank a core element and therefore failed to provide Appellee with the proper authorization to use Decedent's medical records to mount a defense. With these considerations in mind, we conclude that Appellant failed to substantially comply with section 29-26-121(a)(2)(E) and has not offered a valid reason to excuse her non-compliance. Discerning no error, we affirm the decision of the circuit court.

## CONCLUSION

For these reasons, we affirm the order of the circuit court. Costs of this appeal are taxed to the appellant, Deborah Bray and her surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE