# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
Remanded by the Tennessee Supreme Court on January 21, 2014

## DERRICK JOHNSON, ET AL. v. JERRY R. FLOYD, M.D., ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003875-11     James F. Russell, Judge**

---

**No. W2012-00207-COA-R3-CV - Filed February 6, 2014**

---

This case is before us upon mandate from the Tennessee Supreme Court for reconsideration of our previous opinion, *Johnson v. Floyd*, No. W2012-00207-COA-R3-CV, 2012 WL 2500900 (Tenn. Ct. App. June 29, 2012), in light of the Tennessee Supreme Court's decision in *Rajvongs v. Wright*, --- S.W.3d ----, 2013 WL 6504425 (Tenn. 2013). Based on the Tennessee Supreme Court's decision, we reverse the decision of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Al H. Thomas and Aaron L. Thomas, Memphis, Tennessee, for the appellants, Derrick Johnson, Marcus Johnson, Ozell Johnson, Odell Johnson, Terrence Johnson, children of Deborah Johnson, deceased.

J. Kimbrough Johnson and Elizabeth T. Collins, for the appellees, Jerry R. Floyd, M.D., and Mid-South Wellness Center, Inc.

Katherine M. Anderson, Memphis, Tennessee, for the appellee, Tewfik Rizk, M.D.

## OPINION

### I. Background

This case involves a claim for medical malpractice that was dismissed by the trial court as being filed beyond the statute of limitations. The facts of this case are largely taken

from our previous opinion in this case, *Johnson v. Floyd*, No. W2012-00207-COA-R3-CV, 2012 WL 2500900 (Tenn. Ct. App. June 29, 2012) (hereinafter, "*Johnson I*"). According to our previous Opinion:

> On December 7, 2004, Plaintiffs/Appellants, Derrick Johnson, Marcus Johnson, Odell Johnson, Ozell Johnson, and Terrence Johnson (collectively, "Appellants") filed a complaint on behalf of their Mother, Deborah Johnson, alleging that she died as a result of the medical negligence of Defendants/Appellees Jerry R. Floyd, M.D., Tewfik Rizk, M.D., and Mid-South Wellness Center, Inc. ("Mid-South Wellness," and together with Dr. Floyd and Dr. Rizk, "Appellees"). The complaint alleged that the Appellees negligently treated the Appellants' mother for her rheumatoid arthritis, resulting in her death.

> On April 27, 2010, the Appellants entered an order of voluntary dismissal. On April 11, 2011, attempting to re-file their lawsuit, the Appellants provided the Appellees written notice of their potential claim as required by Tennessee Code Annotated Section 29-26-121. On August 24, 2011 (which is within one year and 120 days from the order of voluntary dismissal concluding the first case), the Appellants re-filed their complaint.

> \* \* \*

> Appellees filed separate motions to dismiss, both arguing that the Appellants' claim was barred by the one-year statute of limitations concerning medical malpractice actions because the complaint was not filed within the one-year time period allowed by the saving statute. Accordingly, the Appellees argued that the new complaint could not relate back to the original complaint, and as such was filed after the expiration of the one-year medical malpractice statute of limitations. Appellants argued that the saving statute was extended by written notice of a potential claim as required under Tennessee Code Annotated Section 29-26-121.

*Johnson I*, 2012 WL 2500900, at \*1–2 (footnotes omitted) (citing Tenn. Code Ann. § 28-1-

105(a) (providing a plaintiff who originally filed his or her complaint within the applicable statute of limitations the option to re-file the complaint within one-year from any voluntary nonsuit or dismissal without prejudice)).[1] The trial court agreed with the Appellees and dismissed Appellants' second complaint as untimely. *Id.* at *2. In our first Opinion in this Case, this Court affirmed, concluding that a saving statute was not an "applicable statute[] of limitations or repose," for purposes of the Medical Malpractice Act[2] notice requirements(hereinafter referred to as the "medical malpractice notice requirements").[3] Therefore, this Court concluded that the saving statute was not extended by compliance with the medical malpractice notice provisions. *Id.* at *5–6 (citing Tenn. Code Ann. § 29-26-121(c) (providing that "the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider" when the plaintiff complies with the medical malpractice notice requirements)). Because the Appellants had filed their second complaint beyond the one-year saving statute, and the saving statute was not an "applicable statute[] of limitations or repose" subject to extension, the Court concluded that the complaint was untimely.

This Court noted, however, that its decision was directly contrary to the Middle Section of this Court's Opinion in *Rajvongs v. Wright*, No. M2011-01889-COA-R9-CV, 2012 WL 2308563 (Tenn. Ct. App. June 18, 2012) (hereinafter, "*Rajvongs I*"). The *Rajvongs I* Court, in contrast to our Opinion, held that the saving statute was extended through compliance with the medical malpractice notice requirements. *Id.* at *8 (citing Tenn. Code Ann. § 29-26-121(a), (c)). Because the complaint at issue in *Rajvongs I* was filed within one year and 120 days from the nonsuit of the original complaint, the *Rajvongs I* Court held that the complaint was timely.

The Appellant in this case filed an application for permission to appeal to the Tennessee Supreme Court on August 28, 2012. Likewise, the Appellee in *Rajvongs I* filed

---

[1] No objections to the adequacy of the notice provided by the Appellants were raised in either motion to dismiss filed the Appellees.

[2] In 2012, Tennessee Code Annotated Sections 29-26-115 to -122 and Section 29-26-202 were amended to replace "medical malpractice" with "health care liability." Act of Apr. 23, 2012, ch. 798, §§ 7-15, 2012-2 Tenn. Code Ann. Adv. Legis. Serv. 274, 274–75 (LexisNexis) (codified at Tenn. Code Ann. §§ 29-26-115 to -122, -202 (2012)). Because this case originated prior to the effective date of the above statutes, we will continue to refer to this action as a medical malpractice action.

[3] The notice and certificate of good faith requirements applicable to this action are found at Tennessee Code Annotated Sections 29-26-121 and 29-26-122. For a more thorough discussion of the notice provisions of the Medical Malpractice Act, *see Myers v. AMISUB (SFH)*, Inc., 382 S.W.3d 300, 309 (Tenn. 2012).

his application for permission to appeal to the Tennessee Supreme Court on July 20, 2012. On September 19, 2012, the Tennessee Supreme Court granted the application for permission to appeal in *Rajvongs I*. The application for permission to appeal *Johnson I* remained pending.

The Tennessee Supreme Court affirmed the decision in *Rajvongs I* on December 12, 2013. *See Rajvongs v. Wright*, --- S.W.3d ----, 2013 WL 6504425 (Tenn. 2013) (hereinafter, "*Rajvongs II*"). In its Opinion, the Tennessee Supreme Court held that the saving statute is extended by 120 days through compliance with the medical malpractice notice provision for "transitional" plaintiffs. The Tennessee Supreme Court defined "transitional" plaintiffs as those "plaintiffs who filed their initial complaints prior to the effective date of section 29-26-121, dismissed their original actions, and refiled their actions after the effective date of the statute." *Id.* at *5. Because Mr. Rajvongs had filed his original complaint in February 2008, prior to the effective date of the 2008 notice requirements, *see* 2008 Pub.Acts, c. 919, § 1 (providing that the notice requirements contained therein shall apply to all actions filed on or after October 1, 2008), or the 2009 notice requirements, *see* 2009 Pub.Acts, c. 425, § 4 (providing that the notice requirements contained therein shall apply to all actions filed on or after July 1, 2009), he was properly classified as a "transitional" plaintiff. The Court, therefore, concluded that the Mr. Rajvongs could take advantage of the 120 day extension provided in Tennessee Code Annotated Section 29-26-121(c). *Rajvongs II*, 2013 WL 6504425, at *5–6.

In explaining its decision to allow an extension to the saving statute for a "transitional" plaintiff through compliance with the medical malpractice notice requirements, the *Rajvongs II* Court stated:

> The Act contains no language explicitly addressing the refiling of nonsuited health care liability action, nor does it contain any language that can be fairly construed as amending the saving statute. Tenn. Code Ann. § 28-1-105. A careful review of the Act and its subsequent amendments confirms that the requirements and procedures for refiling nonsuited health care liability cases are unchanged.
>
> \* \* \*
>
> We have long recognized that the saving statute is not a statute of limitations or a statute of repose and that it operates independently. *See Pratcher v. Methodist Healthcare Memphis Hosps.*, 407 S.W.3d 727, 737 (Tenn.2013) (recognizing that the

-4-

statute of repose had been "harmonized" with the saving statute) (citing *Cronin* [*v. Howe*], 906 S.W.2d [910,] 914–15 [Tenn. 1995)]); *Sharp v. Richardson*, 937 S.W.2d 846, 848 (Tenn. 1996) (noting that the saving statute permits the refiling of a health care liability action even if the refiling occurs beyond the three-year statute of repose). However, a transitional plaintiff is not necessarily precluded from receiving the 120-day extension simply because section 29-26-121(c) makes no explicit reference to the saving statute.

Clearly, the General Assembly enacted the 120–day extension to offset the obligation to give pre-suit notice at least 60 days prior to filing a complaint. In *Myers* [*v. AMISUB*], we properly interpreted the plain language of the statute as requiring transitional plaintiffs to give notice before refiling a nonsuited action because the defendants have never been provided with the notice that is contemplated under the Act. *Myers* [*v. AMISUB*], 382 S.W.3d [300,] 309–10 [(Tenn. 2012)]. We are unable to conclude that the General Assembly would require transitional plaintiffs to provide pre-suit notice before refiling under the saving statute and yet deprive such plaintiffs of the 120-day extension. Considering the statutory scheme in its entirety, we can only conclude that a transitional plaintiff who properly provides pre-suit notice is entitled to the same procedural benefits that section 29-26-121(c) makes available to a plaintiff filing an initial health care liability complaint.

*Rajvongs*, 2013 WL 6504425, at *5.

On January 21, 2014, the Tennessee Supreme Court granted the Appellants' application for permission to appeal *Johnson I* and remanded to this Court for reconsideration in light of the Tennessee Supreme Court's decision in *Rajvongs II*.

## II. Analysis

Like Mr. Rajvongs in *Rajvongs II*, the Appellants are, likewise, "transitional" plaintiffs. The original complaint in this case was filed in 2004, well before either the 2008 or 2009 medical malpractice notice requirements went into effect. *Johnson I*, 2012 WL 2500900, at *1; *see also* *Rajvongs II*, 2013 WL 6504425, at *5–6 (defining a "transitional" plaintiff). The original complaint was nonsuited on April 27, 2010. *Johnson I*, 2012 WL

2500900, at *1. At this time, the statutes containing the medical malpractice notice requirements had gone into effect. *See* 2008 Pub.Acts, c. 919, § 1 (providing that the notice requirements contained therein shall apply to all actions filed on or after October 1, 2008); 2009 Pub.Acts, c. 425, § 4 (providing that the notice requirements contained therein shall apply to all actions filed on or after July 1, 2009). Thus, in order to re-commence their action after the nonsuit, the Appellants were required to comply with the medical malpractice notice requirements contained in Tennessee Code Annotated Sections 29-26-121 and 29-26-122. *See Rajvongs II*, 2013 WL 6504425, at *5–6 (citing *Myers*, 382 S.W.3d at 308–09 (holding that plaintiffs whose original[] complaints were filed prior to the effective dates of the medical malpractice notice requirements were not exempted from complying with the notice requirements upon re-filing after the effective dates of the statutes, despite the fact that such notice was not required at the time of the original filing)). Based on these requirements, "the Appellants [timely] provided the Appellees written notice of their potential claim as required by [the medical malpractice notice requirements then in effect.]" *Id.* The Appellants, apparently believing that their compliance with the medical malpractice notice requirements extended the time to file their complaint, then filed their second complaint on August 24, 2011. The filing of the second complaint was within one year and 120 days from the nonsuit. *Id.* Therefore, if the saving statute is extended by 120 days through compliance with the medical malpractice notice requirements, the Appellants' complaint was timely filed.

Based on the holding in *Rajvongs II*, we conclude that the saving statute at issue was extended for 120 days through compliance with the medical malpractice notice requirements for transitional plaintiffs. Because the Appellants in this case are properly classified as transitional plaintiffs, we must conclude that the one-year saving statute applicable to this case was extended by 120 days through Appellants' compliance with the medical malpractice notice requirements. The Appellants filed their second complaint within one year and 120 days from the filing of their nonsuit; thus, their second complaint was timely. The trial court's order dismissing this case as being filed beyond the applicable statute of limitations is, therefore, reversed.

### III. Conclusion

The judgment of the Circuit Court of Shelby County is reversed and this cause is remanded for all further proceedings as may be necessary and are consistent with this Opinion. Costs of this appeal are taxed to Appellees Jerry R. Floyd, M.D., Tewfik Rizk, M.D., and Mid-South Wellness Center, Inc., for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE