FILED
07/11/2023
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 29, 2023 Session

## CLAYTON D. RICHARDS v. VANDERBILT UNIVERSITY MEDICAL CENTER

**Appeal from the Circuit Court for Davidson County**
**No. 21C184  Thomas W. Brothers, Judge**

_____

**No. M2022-00597-COA-R3-CV**

_____

This appeal concerns a complaint for health care liability.  Although Tennessee Code Annotated section 29-26-121(c) provides for an extension of the applicable statutes of limitations in health care liability actions when pre-suit notice is given, it also specifies that "[i]n no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for health care liability, nor shall more than one (1) extension be applicable to any [health care] provider."  After a prior lawsuit was voluntarily dismissed without prejudice, Plaintiff provided new pre-suit notice and refiled in reliance on the Tennessee saving statute and an extension under Tennessee Code Annotated section 29-26-121(c).  The trial court dismissed the refiled complaint with prejudice, however, holding, among other things, that Plaintiff could not utilize the statutory extension in his refiled action because he had already utilized a statutory extension in the first lawsuit.  For the reasons discussed herein, we affirm the trial court's dismissal of Plaintiff's lawsuit.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which KENNY ARMSTRONG, J., joined.  J. STEVEN STAFFORD, P.J., W.S., filed a separate concurring opinion.

H. Anthony Duncan, Nashville, Tennessee, and M. Todd Sandahl, Franklin, Tennessee, for the appellant, Clayton D. Richards.

Sara F. Reynolds and Ashley Tipton, Nashville, Tennessee, for the appellee, Vanderbilt University Medical Center.

# OPINION

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Clayton Richards ("Mr. Richards") seeks to recover against Vanderbilt University Medical Center ("VUMC") for negligence that is alleged to have occurred in August 2013. A previous complaint in relation to the matter at issue, filed on December 12, 2014, was voluntarily dismissed without prejudice on October 4, 2019. Mr. Richards then refiled his complaint on January 28, 2021, in reliance on the saving statute codified at Tennessee Code Annotated section 28-1-105 *and* on a supposed extension of time pursuant to Tennessee Code Annotated section 29-26-121(c). Indeed, although Mr. Richards' refiling clearly did not occur within a year of the previous nonprejudicial dismissal of his first lawsuit, he averred that he had complied with the statutory pre-suit notice requirement of Tennessee Code Annotated section 29-26-121(a) and that his complaint was therefore timely filed pursuant to Tennessee Code Annotated section 29-26-121(c). Of note, the above-referenced provisions from the Tennessee Code provide in pertinent part as follows:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105.

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for health care liability shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon health care liability in any court of this state.
>
> . . . .
>
> (c) When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. Personal service is effective on the date of that service. Service by mail is effective on the first day that service by mail is made in compliance with subdivision (a)(2)(B). In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for

health care liability, nor shall more than one (1) extension be applicable to any provider.

Tenn. Code Ann. § 29-26-121.

Subsequent to its filing of an answer and amended answer, VUMC moved to dismiss Mr. Richards' lawsuit as time-barred, arguing chiefly as follows:

4. In filing the 2021 Lawsuit, Plaintiff relied on Tenn. Code Ann. § 29-26-121(c)'s 120-day extension of the statute of limitations or repose.

5. Section 29-26-121(c) entitles a plaintiff to *only one* 120-day extension.

6. Plaintiff previously relied on Tenn. Code Ann. § 29-26-121(c)'s 120-day extension when he filed his 2014 Complaint.

7. Because Plaintiff used his one extension in filing his 2014 Complaint, he was not entitled to a second 120-day extension in filing this second action against VUMC.

8. Consequently, Plaintiff was required to file this lawsuit by October 4, 2020 – one year from the entry of the Order of Voluntary Nonsuit.

9. Plaintiff did not file this lawsuit until January 28, 2021, resulting in his claims against VUMC being time barred.

(internal footnotes omitted).

Following a hearing on VUMC's motion to dismiss, the trial court entered an order granting the motion and dismissing Mr. Richards' complaint with prejudice. In addition to reasoning that the 120-day extension from Tennessee Code Annotated section 29-26-121(c) is not applicable to actions refiled pursuant to the saving statute in Tennessee Code Annotated section 28-1-105, the trial court specifically countenanced the position argued by VUMC in its motion to dismiss and held as follows: "Tenn. Code Ann. § 29-26-121(c) is clear and unambiguous in its mandate that no more than one extension shall be applicable to any provider. Plaintiff utilized Tenn. Code Ann. § 29-26-121's 120-day extension in filing his original action and is, therefore, barred from utilizing the extension again in this action." This appeal followed from the trial court's dismissal of the case.

## DISCUSSION

Although the trial court dismissed this case because it was not refiled within a year following the prior nonprejudicial dismissal, Mr. Richards maintains that the dismissal of

his lawsuit was in error. According to Mr. Richards, his lawsuit was timely because the saving statute period was extended 120 days due to his compliance with Tennessee Code Annotated section 29-26-121 in connection with his refiling. VUMC disagrees with this assessment, arguing that the saving statute cannot be extended by Tennessee Code Annotated section 29-26-121(c), while also contending that, even if the 120-day extension is theoretically applicable to the saving statute, "[section] 29-26-121(c)'s plain language explicitly prohibits a plaintiff from using more than one 120-day extension per provider." Therefore, just as the trial court concluded, VUMC submits that Mr. Richards was not entitled to a 120-day extension in the refiled action due to the fact that he utilized a 120-day extension in filing his initial lawsuit.

This Court's prior decision in *Tinnel v. East Tennessee Ear, Nose, & Throat Specialists, P.C.*, No. E2014-00906-COA-R3-CV, 2015 WL 791625 (Tenn. Ct. App. Feb. 25, 2015), namely the *Tinnel* panel's engagement with the Tennessee Supreme Court's decision in *Rajvongs v. Wright*, 432 S.W.3d 808 (Tenn. 2013), has served as a focal point for the dispute between the parties. In *Rajvongs*, the Tennessee Supreme Court examined the case of a "transitional" plaintiff who filed his initial complaint prior to the effective date of section 29-26-121, dismissed his original action, and refiled his action after the effective date of the statute. *Rajvongs*, 432 S.W.3d at 813 (noting that the plaintiff fell within this "narrow category of plaintiffs"). In considering whether the plaintiff in that case was entitled to the extension in Tennessee Code Annotated section 29-26-121(c) so as to extend the one-year saving statute by an additional 120 days, the Supreme Court observed that "the saving statute is not a statute of limitations or a statute of repose and . . . it operates independently." *Id.* Nonetheless, the Supreme Court ultimately opined that it was "unable to conclude that the General Assembly would require *transitional* plaintiffs to provide pre-suit notice before refiling under the saving statute and yet deprive such plaintiffs of the 120-day extension." *Id.* at 814 (emphasis added).[1]

Whereas VUMC stresses that *Rajvongs* dealt with "transitional" plaintiffs, a category of plaintiffs to which Mr. Richards does not belong, Mr. Richards emphasizes the subsequent opinion by this Court in *Tinnel*, which he argues extended the *Rajvongs* holding to all plaintiffs in health care liability actions that are refiled under the saving statute. In *Tinnel*, a plaintiff sued for alleged medical negligence, and prior to filing her complaint, the plaintiff had provided the statutorily required pre-suit notice. *Tinnel*, 2015 WL 791625, at *1. Although this first lawsuit was voluntarily dismissed, the plaintiff later provided pre-suit notice again and refiled her complaint. *Id.* at *1-2. As was of much dispute in

---

[1] Another decision from the Tennessee Supreme Court has since applied the holding from *Rajvongs*. In *Cannon ex rel. Good v. Reddy*, 428 S.W.3d 795 (Tenn. 2014), the Tennessee Supreme Court held as follows: "Ms. Cannon, a transitional plaintiff who properly gave pre-suit notice, is entitled to the automatic 120-day extension granted in section 29-26-121(c)." *Id.* at 799. The Supreme Court, however, also pointedly cautioned as follows: "At the risk of stating the obvious, our reasoning in this case does not extend beyond the bounds of health care liability law and the limited number of transitional plaintiffs whose cases are still pending." *Id.* at 799 n.6.

*Tinnel*, this refiling was "more than one year from the date of voluntary dismissal but within 120 days of the one-year anniversary of the dismissal." *Id.* at *2. Whereas the defendants moved for dismissal on the basis that the refiled lawsuit was not properly filed within a year of the prior dismissal, the plaintiff argued that she was entitled to a 120-day extension of the saving statute due to the operation of Tennessee Code Annotated section 29-26-121(c). *Id.* The trial court eventually dismissed the case, and on appeal, we addressed the following issue: "Whether the 120-day extension provided in Tennessee Code Annotated section 29-26-121(c) extends the re-filing period in the saving statute for a plaintiff who provided pre-suit notice prior to filing the initial complaint." *Id.* at *3. Although the plaintiff argued to this Court that the *Rajvongs* decision was strong persuasive authority to support her position, the defendants maintained that the *Rajvongs* holding was limited to "transitional" plaintiffs. *Id.* at *4. The defendants further argued that the plaintiff "cannot utilize another 120-day extension because she automatically received the extension when she filed the initial complaint." *Id.* In addressing the parties' concerns, the *Tinnel* panel ruled in the plaintiff's favor, holding in pertinent part as follows:

> The plaintiff in this case provided pre-suit notice to Defendants before filing each complaint as required by the Act. Like the Supreme Court reasoned in *Rajvongs*, we are unable to conclude that the General Assembly would require plaintiffs to provide pre-suit notice before refiling under the saving statute and yet deprive them of the 120-day extension. We hold that Plaintiff was entitled to the 120-day extension provided for in section 29-26-121(c) because she provided Defendants with pre-suit notice that she intended to recommence her action. In so holding, we reject Defendants' argument that Plaintiff was only entitled to the use of one extension. Plaintiff's re-filed complaint was a new and independent action. Accordingly, the trial court erred in dismissing the re-filed complaint as untimely.

*Id.* at *5 (internal citations omitted).

Having considered the issue in this appeal, we respectfully disagree with the *Tinnel* panel's conclusion regarding the availability of more than one 120-day extension pursuant to Tennessee Code Annotated section 29-26-121(c). As referenced in the introductory summary to this Opinion and elsewhere herein, Tennessee Code Annotated section 29-26-121(c) contains language providing that "nor shall more than one (1) extension be applicable to any provider." Tenn. Code Ann. § 29-26-121(c). The *Tinnel* panel did not specifically engage with this language when it rejected the argument made in that appeal concerning the numeric limitation associated with the statutory extension.[2] Because we conclude that the language forecloses the application of multiple 120-day extensions vis-à-vis a health care provider against whom a recovery is sought for health care liability, we

---

[2] This language had been referenced in the defendants' appellate briefing in support of their position on this issue.

hold that Mr. Richards was not entitled to rely on a second extension as to VUMC so as to make the present litigation timely. Indeed, because Mr. Richards could not rely on a second statutory extension, and because he did not refile within a year of the prior voluntary dismissal, we conclude that the trial court did not err in dismissing the case, even assuming arguendo that the extension in Tennessee Code Annotated section 29-26-121(c) might otherwise potentially extend the refiling period in the saving statute for non-transitional plaintiffs.[3]

## CONCLUSION

In light of the foregoing, we affirm the trial court's dismissal of the case.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[3] The facts of this case do not require that we opine on whether the saving statute period might be extended in favor of a non-transitional plaintiff whose initial lawsuit *did not* involve the reliance upon, or triggering of, an extension under Tennessee Code Annotated section 29-26-121(c).