IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 8, 2025 Session

## KAYDEN K., BY AND THROUGH ALICIA K. v. JESSICA RUFFIN, M.D. ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-0454-20    Yolanda Kight Brown, Judge**
_____

**No. W2024-00308-COA-R3-CV**
_____

A minor Plaintiff, acting through his grandmother, sued several healthcare providers for injuries stemming from his birth. The Plaintiff later voluntarily dismissed his lawsuit. The Plaintiff provided statutorily compliant pre-suit notice to each defendant within a year of dismissal but did not refile the suit for over a year after dismissal. The Plaintiff asserted this was permissible in accordance with the 120-day extension available under Tennessee's Healthcare Liability Act. The trial court rejected this contention and dismissed the suit. On appeal, much of the parties' respective briefing tracked the arguments before the Tennessee Supreme Court in the case of *Richards v. Vanderbilt University Medical Center*, __ S.W.3d __, No. M2022-00597-SC-R11-CV, 2025 WL 259059 (Tenn. Jan. 22, 2025). While the suit was pending on appeal, the Tennessee Supreme Court decided that the 120-day extension does not apply to the one-year deadline for refiling suit after a voluntary dismissal. This case is controlled by the *Richards* decision. Accordingly, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JEFFREY USMAN, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ROY B. MORGAN, JR., J., joined.[1]

Thomas R. Greer and Noorhan (Nora) Alhussaini Taube, Memphis, Tennessee, for the appellant, Kayden K., a minor by and through his grandmother and legal guardian, Alicia K.

Joseph M. Clark and Samantha E. Bennett, Memphis, Tennessee, for the appellees, Jessica Ruffin, M.D.; Susan Lacy, M.D.; and Primary Care Group, LLC.

---

[1] Senior Judge Roy B. Morgan, Jr., sat by designation.

Jill M. Steinberg and Aubrey B. Gulledge, Memphis, Tennessee, for the appellee, Methodist Healthcare Memphis Hospitals.

**OPINION**

I.

This appeal concerns complications that occurred during Kayden K.'s birth. Kayden's mother reported to Methodist Germantown Hospital on the morning of September 18, 2014. Jessica Ruffin, M.D., and Susan Lacy, M.D., guided Kayden's mother through labor. According to the complaint, the two doctors allegedly made several incorrect and inappropriate treatment decisions. After his birth, Kayden was eventually diagnosed with a series of serious health conditions, including, "seizures, Hypoxic-Ischemic Encephalopathy, subdural and cerebral hemorrhages . . . severe molding of the head, other injuries to the scalp, and an injury to the brachial plexus."

Alicia K., Kayden's grandmother (Grandmother) and legal guardian, sued the two doctors and their employer, Primary Health Group, LLC, on Kayden's behalf in 2016, alleging that the Doctors' actions caused Kayden to suffer lifelong injuries that warranted at least $10,000,000 in compensatory damages. Thereafter, the trial court also granted Methodist Healthcare – Memphis Hospitals, which wholly owns Primary Care Group, permission to join the case alongside the two doctors and its subsidiary entity (collectively, the Healthcare Defendants).

Grandmother entered a voluntary nonsuit in Kayden's case on October 4, 2018. She then refiled Kayden's lawsuit against the Healthcare Defendants on January 30, 2020. In the refiled complaint, Grandmother states that "[t]he cause of action is being re-filed within the time allowed by law pursuant to Tenn. Code Ann. § 28-1-105," which is Tennessee's Saving Statute. The Saving Statute states in part,

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. Actions originally commenced in general sessions court and subsequently recommenced pursuant to this section in circuit or chancery court shall not be subject to the monetary jurisdictional limit originally imposed in the general sessions court.

Tenn. Code Ann. § 28-1-105(a). While Grandmother did not refile the lawsuit within one calendar year of the voluntary dismissal, the refiled complaint states that it was submitted

in full compliance with Tennessee Code Annotated section 29-26-121, which grants plaintiffs filing a health care liability action a 120-day extension of "the applicable statutes of limitations and repose" upon sending the required pre-suit notice to all defendants. The parties agree that Grandmother, acting on Kayden's behalf, sent fully compliant pre-suit notice to all defendants in this case.

The Healthcare Defendants sought to dismiss the lawsuit, arguing that Kayden's lawsuit was deficient because Grandmother, as opposed to Kayden or Kayden's counsel, personally signed Kayden's certificate of good faith. The Healthcare Defendants asserted that Grandmother violated the Tennessee Healthcare Liability Act (THCLA), Tennessee Rule of Civil Procedure 11, and engaged in the unlicensed practice of law by signing the document herself and, additionally, that the certificate of good faith, as a result of having been signed by Grandmother as opposed to Kayden or his counsel, lacked legal force. The trial court denied this motion and granted Kayden additional time to file a new certificate of good faith based upon good cause. The Healthcare Defendants pursued an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9, but this court denied the Healthcare Defendants' request to review the trial court's denial of this motion.

The Healthcare Defendants, subsequently, sought dismissal again, arguing this time that Kayden's lawsuit was time-barred. They asserted that Tennessee Code Annotated section 29-26-121(c) extends "the applicable statutes of limitations and repose" by 120 days when the plaintiff sends proper pre-suit notice to all defendants but that the same statute makes no mention of the Saving Statute. Accordingly, in their view, the 120-day extension provided by the THCLA simply does not apply to the Saving Statute, and Kayden was required to refile suit "within one (1) year" of entering the voluntary dismissal, which, it is undisputed, did not occur here. Kayden disagreed, reasoning that Tennessee law supported applying the 120-day extension found in the THCLA to the Saving Statute as well. The trial court rejected Kayden's position and granted the Healthcare Defendants' motion to dismiss. The trial court concluded that the 120-day extension typically available to plaintiffs when filing their initial healthcare liability complaint has no effect on the one-year deadline for refiling a suit after taking a voluntary nonsuit.

Kayden appeals the trial court's decision to this court. His sole issue on appeal is "[w]hether the trial court erred by granting Defendants' Motion to Dismiss Plaintiff's Complaint as time-barred for failure to file within the one-year saving statute." In addition to opposing Kayden's appeal on the merits of the Saving Statute issue, the Healthcare Defendants argue, in the alternative, that the issues they raised in the denied Rule 9 appeal regarding Grandmother signing the certificate of good faith provide separate bases to dismiss Kayden's lawsuit.

II.

In the parties' briefing, both sides acknowledged that the Tennessee Supreme Court

granted permission to appeal in a case styled *Richards v. Vanderbilt University Medical Center*, M2022-00597-COA-R3-CV, 2023 WL 4451631 (Tenn. Ct. App. July 11, 2023), *perm. app. granted* (Tenn. Dec. 20, 2023), and that *Richards* deals with the exact same issue that Kayden presented for this panel to consider on appeal: the application of Tennessee Code Annotated section 29-26-121's 120-day extension to Tennessee's Saving Statute. At oral argument, this court asked each side about the impact *Richards* might have on this appeal, and each side recognized that *Richards* could be decided in a manner that could entirely resolve the parties' controversy.

On January 22, 2025, the Supreme Court issued an opinion that aligns with the Healthcare Defendants' contentions in this appeal. *See Richards v. Vanderbilt Univ. Med. Ctr.*, __ S.W.3d __, No. M2022-00597-SC-R11-CV, 2025 WL 259059 (Tenn. Jan. 22, 2025). To illustrate this point, we quote extensively from the Tennessee Supreme Court's opinion in *Richards*:

> Mr. Richards argues that the 120-day extension provided in Tennessee Code Annotated section 29-26-121(c) is applicable to the factual situation before us. Conversely, VUMC argues that the plain language of Tennessee Code Annotated section 29-26-121(c) "prohibits a plaintiff from utilizing more than one 120-day extension per provider," or, alternatively, that the plain language of Tennessee Code Annotated section 29-26-121(c) does not extend the Saving Statute. We agree with VUMC that Mr. Richards' claims are time-barred because the 120-day extension in section 29-26-121(c) does not extend the Saving Statute's one-year refiling period.
>
> . . . .
>
> As referenced earlier in this opinion, Tennessee Code Annotated section 29-26- 121(c) reads in relevant part:
>
> > When notice is given to a provider as provided in [section 29-26-121], *the applicable statutes of limitations and repose shall be extended* for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider.
>
> Tenn. Code Ann. § 29-26-121(c) (emphasis added). Notably absent from section 29-26- 121(c) is any reference to the Saving Statute. VUMC argues that our Court's longtime recognition that the Saving Statute "is not a statute of limitations or a statute of repose and that [the Saving Statute] operates independently," *Rajvongs v. Wright*, 432 S.W.3d 808, 813 (Tenn. 2013), paired with the General Assembly's exclusion of any reference to the Saving Statute in section 29-26-121(c), dictates that a 120-day extension shall not

extend to cases based upon the Saving Statute. Mr. Richards counters that, because "[t]he Tennessee Health Care Liability Act is silent as to actions that are refiled under the [S]aving [S]tatute . . . the plain-meaning canon of statutory construction . . . cannot be applied . . . because there are no words in the [Tennessee Health Care Liability] Act relating to refiled actions under the [S]aving [S]tatute to be construed by their 'plain meaning.'" (emphasis removed).

As VUMC notes in its brief, the Saving Statute has not been amended since 1989, whereas Tennessee Code Annotated section 29-26-121 was first enacted in 2008. *See* Tenn. Code Ann. §§ 28-1-105, 29-26-121. Because "we presume that the [l]egislature knows the law and makes new laws accordingly," *Johnson* [*v. Hopkins*], 432 S.W.3d [840,] 848 [(Tenn. 2013)] (citing *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 527 (Tenn. 2010)), we are to presume that the legislature intentionally included references to the applicable statutes of limitations and repose and intentionally excluded references to the Saving Statute when enacting section 29-26-121. *See State v. Welch*, 595 S.W.3d 615, 623 (Tenn. 2020).

Here, *expressio unius est exclusio alterius*, "[o]ne of the most important rules of [the] construction of statutes," is of relevance to our analysis. Clifton Williams, *Expressio Unius Est Exclusio Alterius*, 15 Marq. L. Rev. 191, 191 (1931). *Expressio unius est exclusio alterius* dictates that "the expression of one thing implies the exclusion of others." *Rich v. Tenn. Bd. of Med. Exam'rs*, 350 S.W.3d 919, 927 (Tenn. 2011). "Omissions are significant when statutes are express in certain categories but not in others." *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997). Given the inclusion of statutes of limitations and repose, and the exclusion of the Saving Statute, we pay careful attention to this canon of statutory construction as we consider whether the Saving Statute is extended by section 29-26-121(c).

It would have been simple for the General Assembly to list the Saving Statute alongside the applicable statutes of limitations and repose in section 29-26-121(c). Yet, no reference to the Saving Statute is found in the text of the statute. Likewise, the General Assembly could have articulated in section 29-26-121(c) that statutes subject to the 120-day extension include statutes of limitations and repose, leaving open the possibility that the legislature did not intend to limit the extension to those circumstances. *See Gragg v. Gragg*, 12 S.W.3d 412, 415 (Tenn. 2000) ("[L]anguage stating that [a] definition 'includes' specific items indicates that the enumerated items are illustrative, not exclusive"); *see also* [Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts*] 132 ("The verb *to include* introduces

examples, not an exhaustive list."). However, no such inclusive language was used by the General Assembly. Additionally, VUMC correctly references several instances in which the General Assembly has "demonstrated an awareness of the Saving[] Statute and [a] willingness to reference it where intended." *See* Tenn. Code Ann. §§ 47-2A-506, 20-1-119, 28-1-114, 47-2-725. We agree with VUMC that it would be illogical for the General Assembly to directly reference the Saving Statute in multiple statutes while simultaneously expecting it to be an implicit recipient of section 29-26-121(c)'s 120-day extension. To conclude that the legislature sought to make the extension applicable to the Saving Statute under these circumstances would "unduly . . . expand[] the statute's intended scope." [*State v.*] *Marshall*, 319 S.W.3d [558,] 561 [(Tenn. 2010)] (citing [*Larsen-Ball v.*] Ball, 301 S.W.3d [228,] 232 [(Tenn. 2010)]).

. . . .

For these reasons, we conclude that Mr. Richards' filing of the present action did not benefit from the extension afforded by Tennessee Code Annotated section 29-26- 121(c), and, thus, the present lawsuit is untimely. Mr. Richards is not a transitional plaintiff, and section 29-26-121(c) only extends the Saving Statute for transitional plaintiffs.

. . . .

For non-transitional plaintiffs, the 120-day extension in Tennessee Code Annotated section 29-26-121(c) is inapplicable to actions refiled pursuant to the Saving Statute in Tennessee Code Annotated section 28-1-105. As a result, we affirm the trial court's order granting VUMC's motion to dismiss this action.

*Id.* at *3-5.

The Tennessee Supreme Court's decision in *Richards* resolves the parties' dispute in the present case.[2] Grandmother, acting on Kayden's behalf, entered a voluntary nonsuit on October 4, 2018. Over a year passed. Grandmother, again acting on Kayden's behalf, refiled this lawsuit. Despite properly sending pre-suit notice to all defendants, Kayden's refiled lawsuit is untimely because the 120-day extension found in Tennessee Code Annotated section 29-26-121(c) simply does not apply to Tennessee's Saving Statute. *See id.* The Supreme Court made clear that *Richards* applies in all cases involving "non-transitional plaintiffs," and Kayden is not a transitional plaintiff. *See id.* at *5. Therefore,

---

[2] Accordingly, any issues presented by the Healthcare Defendants concerning the previously denied Rule 9 appeal are pretermitted.

- 6 -

*Richards* resolves this case.

The only source of potential daylight noted by the parties between the present case and *Richards* would arise if the decision in *Richards* were not predicated upon the Savings Statute question but instead the use of multiple 120-day extensions. The Tennessee Supreme Court, however, did not decide *Richards* on that basis, and with its decision, the daylight vanished.

Because Kayden's lawsuit was refiled more than one year after entering a voluntary dismissal, it is untimely under the Saving Statute. *See* Tenn. Code Ann. § 28-1-105(a). Kayden's pre-suit notice did not extend the Saving Statute deadline. *See Richards*, 2025 WL 259059, at *3-5. The trial court, thus, correctly concluded that Kayden's refiled lawsuit was time-barred.

III.

For the aforementioned reasons, we affirm the judgment of the Circuit Court for Shelby County. Costs of this appeal are taxed to the appellant, Kayden K., for which execution may issue if necessary. The case is remanded for further proceedings consistent with this opinion.

s/ Jeffrey Usman
JEFFREY USMAN, JUDGE